HARRY COULTER, ADMINISTRATOR AD PROSEQUENDUM OF LEROY COULTER, DECEASED, PLAINTIFF, v. NEW JERSEY PULVERIZING COMPANY, DEFENDANT.

LILLIAN M. CLARK, EXECUTRIX OF THE ESTATE OF ASHBY F. CLARK, DECEASED, PLAINTIFF, v. NEW JERSEY PULVERIZING COMPANY, DEFENDANT.

Decided December 21, 1932.

For the plaintiffs, *Samuel Greenstone.*

For the defendant, *Howard Ewart* (*Franklin H. Berry,* on the brief).

The opinion of the court was delivered by

BODINE, J. The present actions were brought under the Death act. The defendant answered that the actions were barred by the statute of limitations. The plaintiffs moved to strike the answers and the defendant moved to strike the complaints. The defendant's motion must be granted and the plaintiffs' denied.

The question here presented is whether the representatives may sue under the Death act when their decedents' right of action for the same negligence complained of in the action under the Death act was barred by limitations at the time of the decedents' deaths.

That the two actions are separate and distinct is well settled in this state. *Cooper* v. *Shore Electric Co.*, 63 *N. J. L.* 558; 44 *Atl. Rep.* 633; *Soden* v. *Trenton and Mercer County Traction Co.*, 101 *N. J. L.* 393; 127 *Atl. Rep.* 558.

The Death act, so far as pertinent, is as follows (italics mine) : "That whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default *is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured * * *.* Every action * * * shall be brought * * * in the name of an administrator *ad prosequendum* of the decedent whose death gives rise to the claim under the act * * * except where such deceased dies testate, and his or her will is probated, the executor or executors therein named, who qualify, shall bring, institute or make such action, proceeding, or claim * * *; and provided further, *that every action shall be commenced or sued within two years after the death of such deceased person and not after * * *."* *Pamph. L.* 1917, *p.* 531.

It is, of course, arguable that since the actions are separate the only bar to the action under the Death act is the bar contained in the act itself. But the statute only gives an

action if the decedent had one. In the present cases, the decedents' actions were lost by lapse of time. Since the decedents had no cause of action their representatives had none. Had the decedents satisfied their claims the representatives could not have asserted a non-existing cause of action. The statute of limitations is as much of a bar as a release. This is the interpretation given by English courts to the enactment upon which our statute was modeled.

"The cases appear to establish the general principle that, where an action could not have been brought by the deceased person, it cannot be maintained in respect of the same accident by his representative. In this case the deceased could not have maintained an action against the defendants at the time of his death, or at any time more than six months after the neglect which was said to have caused the injury to him." *Williams* v. *Mersey Docks and Harbour Board* (1905), 1 *K. B. D.* 804, 808.

If this were not so, if decedent lingered for twenty years and made no move, his representative could then assert a right of action to recover for an injury forgotten by everyone but the injured, who had slept on his rights for twenty years. Such could not have been the legislative intention.

"The statute cannot be construed to give the widow a greater right than the husband would have if living. The plaintiff's husband extinguished his right of action by failing to assert it within the two-year period fixed by the statute. A right of action can be extinguished as effectively by the statute of limitations as in any other way." *Howard* v. *Bell Telephone Co.*, 306 *Pa.* 518; 160 *Atl. Rep.* 613, 615. See, also, *Kelliher* v. *New York Central and Hudson River Railroad Co.*, 212 *N. Y.* 207; 105 *N. E. Rep.* 824, and the very recent case of *Flynn* v. *New York, New Haven and Hartford Railroad Co.*, 283 *U. S.* 53. The many authorities to the contrary seem unconvincing. Suffice it to follow the rule established in England, New York, Pennsylvania and the Supreme Court of the United States.