**Donal M. BRUBAKER, individually, as parent and next friend of Brian Michael Brubaker, a minor, and as Administrator of the Estate of Shirley Brubaker, deceased, Plaintiff,**

v.

**John CAVANAUGH, M.D., Defendant.**

**Civ. A. No. 80–2408.**

United States District Court,
D. Kansas.

July 14, 1982.

Jerry R. Palmer, Jerry R. Palmer, P. A., Topeka, Kan., for plaintiff.

Gary D. McCallister, Charles L. Davis, Jr., Davis, Unrein & Hummer, Topeka, Kan., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the Court upon defendant's motion for summary judgment. This is an action based upon negligence, fraud, wrongful death, wrongful birth and wrongful life. Plaintiff in this action bases his cause of action upon the defendant physician's alleged failure to diagnose and treat Shirley Brubaker, and his alleged failure to advise and inform Shirley Brubaker that her father, Paul Studebaker, died of an hereditary disease which she subsequently developed and which eventually lead to her death. These allegations against defendant are all based upon his professional relationship with his patient. The Court has examined the pleadings and briefs and deems oral argument unnecessary. The undisputed facts are as follows.

Defendant undertook the care of Paul Studebaker, the father of Shirley Studebaker, on or about June 22, 1959. On June 29, 1959, defendant operated on Paul Studebaker. A section of his colon was removed, which indicated carcinoma with metastasis to the lymph nodes. Prior to a second operation on December 10, 1959, it was determined that extensive polyposis of Paul Studebaker's colon existed. On February 26, 1960, Paul Studebaker was admitted to Winter V.A. Hospital, and was thereafter not under the care of defendant. On April 5, 1960, Paul Studebaker died. Defendant saw Shirley Brubaker as a patient on May 4, 1960, May 9, 1960, October 11, 1962, and December 16, 1968. The last date upon which defendant is alleged to have examined Shirley Brubaker is December 18, 1968. In February, 1971, Brian M. Brubaker was born to Shirley Brubaker and plaintiff. He was diagnosed in June of 1980 as having

multiple familial polyposis. In 1981, Shirley Brubaker died.

Defendant seeks summary judgment on the basis that applicable statutes of limitation bar each of the causes of action alleged by plaintiff, that the wrongful life and wrongful birth claim are not legally cognizable causes of action, and that the claims made for the wrongful death of Shirley Brubaker are limited by K.S.A. 60–1901, *et seq.* The Court shall consider each of these claims individually.

Defendant first asserts that this action is barred under the statute of limitations provided in K.S.A. 60–513(a)(7) and K.S.A. 60–513(c). That statute provides:

"*60–513. Actions limited to two years.* (a) The following actions shall be brought within two (2) years:

\* \* \* \* \* \*

"(7) An action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract.

\* \* \* \* \* \*

"(c) A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four (4) years beyond the time of the act giving rise to the cause of action."

This statute of limitation was interpreted and applied by the Kansas Supreme Court in *Stephens v. Snyder Clinic Ass'n.*, 230 Kan. 115, 631 P.2d 222 (1981). In *Stephens*, the Kansas Supreme Court affirmed the summary judgment entered by the district court which barred the plaintiff's malpractice claim, based upon the 1976 amendment to K.S.A. 60–513. That court rejected the plaintiff-appellant's argument that the

prior limitation statute, which contained a ten-year discovery statute, should be applicable to the action because the cause of action did not accrue until the plaintiff suffered substantial injuries. The court upheld the trial court's reasoning that the 1976 amendment to the limitation statute applied to acts occurring prior to its enactment, even though the resulting injury occurred after enactment. The court noted that harsh results may sometimes result from the application of limitation statutes, but that such questions were for the legislature, not the judiciary:

"The effect of the statute of limitations requires an unfortunate result in the present case, especially since plaintiff's injury was not ascertainable before the statute distinguished her right to bring the action, and her suit would have been timely had the amended statute not intervened. It is clear, however, that the legislature has the authority to set statutes of limitation, that the classification of 'health care providers' for beneficial treatment is justified and reasonable, and without constitutional infirmity." 230 Kan. at 132, 631 P.2d 222.

The Court went on to uphold the constitutionality of the 1976 amendment to K.S.A. 60–513:

"The 1976 amendment to K.S.A. 60–513 was the legislature's attempt to assure continued quality health care for Kansans by combating (sic) the rapidly rising cost of medical malpractice insurance and the increasing reluctance of insurance underwriters to underwrite medical professionals. One of the principal causes of the increased costs and unavailability of medical malpractice insurance was attributed to the 'long tail,' or the length of time after the negligent conduct, allowed for the discovery of the injury and the filing of suit thereon.... Reduction of the discovery period was considered to be the obvious compromise to assure continued availability of malpractice insurance while protecting the injured parties' causes of action...." 230 Kan. at 130, 631 P.2d 222.

■ Accepting plaintiff's allegations as true for purposes of this motion, Shirley Brubaker was a patient of defendant from 1960 until December 18, 1968. The alleged negligent acts of defendant occurred, if at all, during his treatment of Paul Studebaker. The duty to inform Paul Studebaker and his family of the nature of his disease arose at the time it was diagnosed and, if breached, was breached at that time. Paul Studebaker was in the care of defendant from approximately June 29, 1959, the time of the initial surgical procedure, until February 26, 1960. Thus, the latest possible date of occurrence of any alleged negligent acts was December of 1968.

K.S.A. 60–513(c), the applicable statute to this action, states that a cause of action arising out of the rendering of or failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action. If, as plaintiff alleges, the fact of injury is not reasonably ascertainable until sometime after the initial act, then the limitation period does not commence until the act of injury becomes reasonably ascertainable to the injured party. However, the running of the statute is not tolled indefinitely. The key statutory phrase in this action is that which states "in no event shall such an action be commenced more than four (4) years beyond the time of the act giving rise to the cause of action." Therefore, plaintiff's causes of action against defendant, a health care provider, were barred on December 18, 1972.

■ As to the claims brought on behalf of Shirley Brubaker's children, the tolling provisions of K.S.A. 60–515 would apply. K.S.A. 60–515(a) allows no action on behalf of a person under a legal disability to be brought more than eight years beyond the time of the act giving rise to the cause of action. Since the claims of the children depend on allegations of negligence as to their mother, their cause of action would be barred, at the latest, on December 18, 1976, almost four years prior to the bringing of this action.

In order to evade the bar set up by the statute of limitations to the alleged acts of professional negligence, plaintiff has challenged the constitutionality of K.S.A. 60–513 and proposed several theories to extend the statute of limitations. The Kansas Supreme Court carefully considered the constitutionality of K.S.A. 60–513 in the *Stephens* case. The Court finds that the arguments presented by plaintiff were considered and correctly rejected in the *Stephens* case. Therefore, we reject plaintiff's argument herein challenging the constitutionality of K.S.A. 60–513.

Plaintiff further urges the Court to adopt the theory of a continuing duty on the part of the defendant doctor to treat his patients. The continuing duty is based upon a theory that the time when a cause of action for malpractice shall be deemed to have accrued should be extended through the period of time that the "physician-patient relationship" continues, or while the physician continues to treat the patient for the injury which resulted from the negligent act. In cases involving medical malpractice, the Kansas Supreme Court has expressly rejected the continuous treatment or physician-patient relationship theories. *See Hecht v. First National Bank and Trust*, 208 Kan. 84, 490 P.2d 649 (1971); and *Becker v. Floersch*, 153 Kan. 374, 110 P.2d 752 (1941).

In *Hecht, supra*, the Kansas Supreme Court stated:

"An examination of the cases in which either of the two doctrines was adopted reveals that generally the treatment was a judicial effort to soften the harshness of the statutory accrual rule existing in the particular jurisdiction at the time. The Kansas legislature preempted policy making on the subject by enacting in 1963 the additional provision of 60–513 and has given the matter further consideration by enacting in 1970 additional provisions relating to injuries resulting from ionizing radiation. (See K.S.A. 1970 Supp. 60–513a, 60–513b and 60–513c.) The legislature did not see fit to mention either 'physician-patient relationship' or

'continuous treatment' as an element in measuring the time in which a cause of action accrues. We are not inclined to do so by judicially legislating. . . ." 208 Kan. at 93–94, 490 P.2d 649.

An examination of these cases leads us to the conclusion that the Kansas Supreme Court would likewise reject a theory of continuous treatment in the case at hand.

■ Plaintiffs further argue that the malpractice statute of limitations should not be applied to the claims for wrongful death, wrongful birth and wrongful life. It is clear that the claims for wrongful birth and wrongful life arise from defendant's alleged failure to inform plaintiff and Shirley Brubaker of the hereditary nature of the familial polyposis. Because we have determined that the latest date this failure could have occurred was 1968, K.S.A. 60–513 would bar such actions against the health care provider.

The Kansas wrongful death statute, K.S.A. 60–1901, provides:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased."

■ The action Shirley Brubaker might have maintained had she lived would have been "a cause of action arising out of the rendering of or the failure to render professional services by a health care provider." Thus, the limitations of K.S.A. 60–513(c) apply in the wrongful death action as well. This interpretation of the interface between the malpractice statute of limitations and the wrongful death action maintains the legislative intent "to assure continued availability of malpractice insurance and thus practicing physicians in the state, while protecting the injured parties' causes of action." *See Stephens v. Snyder Clinic Ass'n., supra*, 230 Kan. at 130, 631 P.2d 222.

Accordingly, the Court finds that plaintiff's causes of action are barred by the provisions of K.S.A. 60–513.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby granted.