No. 54,240

DIANA L. MASON, individually, and as Administrator of the Estate of Otis W. Mason, Deceased, *Plaintiff*, v. GERIN CORPORATION, a corporation; ASHLAND CHEMICAL COMPANY, a division of Ashland Oil, Inc., a corporation; and TEXACO, INC., a corporation, *Defendants.*

(647 P.2d 1340)

Opinion filed July 16, 1982.

*Jack M. Short,* of Texaco, Inc. of Tulsa, Oklahoma, and *Ken M. Peterson,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, argued the cause and were on the brief for the defendant, Texaco, Inc.

*Richard D. Cordry,* of Michaud, Cordry and Michaud, Chartered, of Wichita, argued the cause and was on the brief for the plaintiff.

The opinion of the court was delivered by

SCHROEDER, C.J.: This case presents a question of Kansas law certified to this court by the United States District Court for the District of Kansas under authority of the Uniform Certification of Questions of Law Act, K.S.A. 1981 Supp. 60-3201 *et seq.,* requesting an interpretation of the Kansas Wrongful Death Act.

The statement of facts set out in the memorandum and order from the district court provide the following relevant facts. On September 15 or 16, 1977, Otis W. Mason was diagnosed by his treating physician as having acute myelocytic leukemia, potentially related to exposure to the chemical benzene in his work environment. On October 16, 1977, Otis Mason signed a statement to this effect. During this time Otis and Diana Mason discussed consulting a lawyer about Otis Mason's leukemia, but it is not clear from the record whether they did. Otis Mason died on December 10, 1979, and is survived by his widow Diana Mason (plaintiff).

The defendant Texaco was and is engaged in the manufacturing, distribution, marketing and sale of benzene. The defendant Gerin Corporation purchased benzene manufactured by Texaco from intermediary chemical distributors. Gerin sold "Gerin Lube Oil Test Kits" to the United States Coast Guard and periodically supplied it with small quantities of "Gerin Solvent," which consisted of either benzene or toluene. The plaintiff contends Otis Mason contracted leukemia as a result of exposure to benzene contained in the Test Kit while instructing students in the proper use of the kit while in the Coast Guard in 1974 and 1975.

The question before us is limited to the defendant Texaco. While it is not clear from the record before us when the plaintiff's original action was initiated, Texaco was not named as a defendant until plaintiff filed her second amended petition on July 8, 1980. The plaintiff sought damages for Otis Mason's pain and suffering and her loss of consortium, comfort, services and society, in addition to a wrongful death claim.

Texaco moved for summary judgment on two grounds. The ground relevant to the issue here presented is that the plaintiff's actions for personal injuries and wrongful death as to Texaco were barred by the statute of limitations. The district court properly dismissed Otis Mason's cause of action against Texaco for personal injuries, holding it was clearly barred under K.S.A. 60-513. Otis Mason's action for personal injuries accrued when the injury became ascertainable to him, which was, at the latest, in October 1977. The two years expired in October 1979, and since Texaco was not brought in as a defendant until July 1980, Otis Mason's action for personal injuries was time barred.

Whether plaintiff's wrongful death claim is time barred raises a more difficult question. The Kansas wrongful death statute, K.S.A. 60-1901, provides:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom *if the former might have maintained the action had he or she lived,* in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased." (Emphasis added.)

In *Graham v. Updegraph,* 144 Kan. 45, 58 P.2d 475 (1936), the court interpreted the above-emphasized clause in the then existing wrongful death statute, R.S. 1923, 60-3203, to mean that where the injured party could not have brought an action had he

lived because the statute of limitations had run against his claim, an action by his personal representative under the wrongful death statute was also barred. The Federal District Court was hesitant to apply the *Graham* rule, expressing "great doubts" as to the precedential value of *Graham.* It stated the following reasons: (1) The wrongful death statute and the statute of limitations have been changed since *Graham;* (2) the current statute of limitations and case law construing same would indicate that the cause of action accrued at Mr. Mason's death; and (3) it is probable that *Graham* was wrongly decided and the Kansas Supreme Court would repudiate *Graham.*

The district court certified the following question to this court, which it deemed to be determinative of the issue before it:

"Does the cause of action accrue and the statute of limitations for a wrongful death action begin to run at the date of death, so that a wrongful death action brought within two years of the date of death is not time barred, even though the action was brought more than two years after the deceased's action for personal injury accrued?"

Essentially the issue before us is one of statutory interpretation. Our question for determination is: What construction should be put on the words "if the former might have maintained the action had he or she lived"?

This question has been answered in different ways elsewhere, see Annot., 167 A.L.R. 894; Annot., 97 A.L.R.2d 1151. This is the first time the question has been raised in Kansas since *Graham.*

At common law no cause of action existed for wrongful death. In 1846 in England a wrongful death act was enacted, commonly known as Lord Campbell's Act, S. 9 and 10 Vict., ch. 93, after which many state wrongful death statutes were patterned. See Prosser, The Law of Torts, § 127 (4th ed. 1971); Speiser, Recovery For Wrongful Death 2d §§ 1:8, 1:9 (1975); *Goodyear, Administratrix v. Railway Co.,* 114 Kan. 557, 220 Pac. 282 (1923). This act provided that whenever a person's death was caused by a wrongful act, neglect or default of another, an action could be brought on behalf of the heirs if the decedent would have been entitled to maintain an action and recover damages for the injuries if death had not ensued. This act was held to have created a new cause of action which allowed the heirs to recover the damages they sustained upon the injured party's death which were different from those damages recoverable by the decedent for his injuries.

*Goodyear, Administratrix v. Railway Co.,* 114 Kan. at 562; Speiser, Recovery For Wrongful Death 2d §§ 1:8, 1:9.

The Kansas wrongful death statute has been construed similarly to Lord Campbell's Act. In *Farm & City Ins. Co. v. American Standard Ins. Co.,* 220 Kan. 325, 552 P.2d 1363 (1976), while discussing the Kansas automobile injury reparations act, this court recognized that a cause of action for wrongful death is a separate and distinct type of action from a survival action authorized by K.S.A. 60-1801 *et seq.* A survival action allows the personal representative to recover damages accrued by the injured party between the date of injury and death for the benefit of the decedent's estate. On the other hand, the wrongful death action authorized by 60-1901 *et seq.,* is for the exclusive benefit of the heirs, and allows them to recover damages accruing after death for such things as loss of support, companionship and mental anguish. See also *Flowers, Administratrix v. Marshall, Administrator,* 208 Kan. 900, 494 P.2d 1184 (1972).

The statute of limitations considered in *Graham* was contained in the body of the wrongful death statute in existence at the time, R.S. 1923, 60-3203, providing "[t]he action must be commenced within two years." This was deleted from the wrongful death statute and relocated in Article 5 of the Kansas Code of Civil Procedure governing limitation of actions. K.S.A. 60-510 provides that civil actions provided for in the article can only be commenced within the period prescribed after the cause of action has accrued. K.S.A. 60-513(*a*)(5) provides an action for wrongful death shall be brought within two years.

This change in the statute does not appear to be anything more than a transfer of the statute of limitations provision from the wrongful death statute to the article in the Code of Civil Procedure which generally governs the statute of limitations for all actions. See Gard's Kansas C. Civ. Proc. 2d Annot. § 60-1901 (1979). The change was made by the 1963 Legislature when our new Code of Civil Procedure was revised and enacted in its present form. We do not attach any significance to the deletion of the statute of limitations provision from the wrongful death statute. It appears to have been made for convenience and organizational purposes rather than to effect a change in the application of the wrongful death statute.

In *Yeager v. National Cooperative Refinery Ass'n,* 205 Kan.

504, 470 P.2d 797 (1970), it was held that a cause of action accrues at the point in time when the plaintiff first had the right to file and prosecute the action to a successful conclusion. This court recognized as early as 1912 in *Nesbit v. City of Topeka,* 87 Kan. 394, 124 Pac. 166, that a cause of action for personal injuries accrues to the injured party when he is injured, and a cause of action for wrongful death accrues to the heirs at the death of the injured party.

However, this does not eliminate the qualifying condition in 60-1901 that the wrongful death action may be brought *if the decedent might have maintained the action had he or she lived.* Accordingly, it must be noted our decision does not involve the statute of limitations applicable to the plaintiff's wrongful death action.

The plaintiff asserts that *Graham* should be overruled and cites a line of decisions which have construed statutes similar to 60-1901 holding that the wrongful death action is not barred where the statute of limitations has run against the decedent's claim for personal injuries. The plaintiff cites *Hugh Breeding Inc. v. Daniel,* 373 P.2d 75 (Okla. 1962), *overruled in part* 503 P.2d 871 (Okla. 1972); and cases cited in Annot., 97 A.L.R.2d 1151, § 3(b). Many of those cases involve statutes that differ materially from 60-1901.

Many cases from other jurisdictions involving statutes with qualifying language similar to that in question here have used two approaches. These courts hold there is no effect on the right to bring the wrongful death action where the decedent's claim is time barred. Some courts have refused to recognize the condition and hold that because the wrongful death statute creates a separate and distinct cause of action for the benefit of the heirs which accrues upon the death of the decedent, it is inconsistent to permit the actions of the decedent prior to his death to defeat the cause of action in favor of his personal representative. *Marks v. Reissinger,* 35 Cal. App. 44, 169 Pac. 243 (1917); *St. Francis Hospital, Inc. v. Thompson,* 159 Fla. 453, 31 So. 2d 710 (1947); *McKee, Admrx. v. New Idea, Inc.,* 36 Ohio L. Abs. 563, 44 N.E.2d 697 (1942). Other courts have construed the condition as relating to the nature of the injury giving rise to the cause of action, and refuse to consider the time relation of the injury and subsequent

death as relevant. *Causey v. R.R.,* 166 N.C. 5, 81 S.E. 917 (1914); *Hoover's Adm'r v. Railway Co.,* 46 W. Va. 268, 33 S.E. 224 (1899).

The holding in *Nesbit v. City of Topeka,* 87 Kan. at 396, decided prior to *Graham* merits comment. There, before an action for personal injury could be brought against a city, notice of the circumstances surrounding the injury must have been given to the city within four months of the injury, pursuant to statute. The decedent died more than four months after the injury and failed to give the required notice to the city. The decedent's widow filed a wrongful death action and the court held failure of the decedent to give the city notice within the required period, thus precluding him from filing an action, would not bar the wife's wrongful death action. The court said the widow was given a statutory cause of action at her husband's death, and that she was *not the person injured* and so was not required to give the city notice within the four-month period. The court strictly construed the notice statute. The *Nesbit* case was not cited in *Graham,* and it does have distinguishing characteristics.

Under the condition here applicable in the wrongful death statute, *Graham* holds that where the injured party could not have brought an action had he lived because the statute of limitations had run against his claim prior to his death, an action by his personal representative under the wrongful death statute cannot be maintained. Many cases in other jurisdictions with statutes having the same language as 60-1901 support this position. *Ellis v. Black Diamond Coal Mining Company,* 268 Ala. 576, 109 So. 2d 699 (1959); *Milford Memorial Hospital v. Elliott,* 58 Del. 480, 210 A.2d 858 (1965); *Kelliher v. N.Y. C. & H. R. R. R. Co.,* 212 N.Y. 207, 105 N.E. 824 (1914); *Myers v. City of Plattsburgh,* 13 App. Div. 2d 866, 214 N.Y.S.2d 773 (1961); *Biglioli v. Durotest Corp.,* 44 N.J. Super 93, 129 A.2d 727 (1957); *Coulter v. New Jersey Pulverizing Co.,* 11 N.J. Misc. 5, 163 A. 661 (1932); *Piukkula v. Pillsbury Flouring Co.,* 150 Or. 304, 42 P.2d 921 (1935); *Street v. Consumers Min. Corp.,* 185 Va. 561, 39 S.E.2d 271, 167 A.L.R. 886 (1946). See also Prosser, The Law of Torts § 127, pp. 910-13; Speiser, Recovery For Wrongful Death 2d § 11:17; 25A C.J.S., Death §§ 24, 56.

In *Goodyear, Administratrix v. Railway Co.,* 114 Kan. at 568, the court recognized a wrongful death action could not be maintained where the decedent's claim was satisfied by a settlement during his lifetime. There the court said:

"The courts in many of our states, having statutes worded identical with, or in effect the same, as the Lord Campbell Act, have reached the same conclusion. And from this line of authorities has grown the definite rule, that the personal representative cannot maintain the action for wrongful death, unless the injured person had a right of action for his injuries immediately before his death."

Accord, Speiser, Recovery For Wrongful Death 2d § 11:17 at 193-94; 25A C.J.S., Death § 24.

Our wrongful death statute in effect when *Graham* was decided in 1936 has been subsequently republished or revised in 1939, 1947, 1955 and 1963. It must be noted the legislature has not changed or amended the wrongful death statutes in any way which is material to the condition here applicable. Under these circumstances there is a presumption the legislature did not intend to make any change in the wrongful death statute as construed by the court in *Graham*. See *State ex rel. Stephan v. U.S.D. No. 428*, 231 Kan. 579, 582, 647 P.2d 329 (1982). Other reasons exist for construing the wrongful death statute to require that the action be conditioned upon the right of the injured person to maintain an action for personal injuries at the time immediately prior to his death.

The possibility that the injured person may die five, ten or even twenty years after the injuries were sustained without having filed suit or otherwise settling the case would force the party responsible for the wrongful act or omission to defend acts long forgotten and for which evidence and witnesses may no longer be available. See *Piukkula v. Pillsbury Flouring Co.*, 150 Or. at 315-16; *Howard v. Bell Telephone Co.*, 306 Pa. 518, 160 A. 613 (1932).

The situation where a person fails to bring an action for his personal injuries within the statute of limitations period and dies is analogous to situations where the injured person settles his claim for personal injuries and releases the defendant prior to the death of the injured person, or where he pursues his personal injury claim to trial and obtains a judgment against the wrong-doer. Authorities, under statutes similar to Lord Campbell's Act, which hold the wrongful death action is extinguished by settlement and release of the defendant from liability for personal injuries sustained by a decedent are *Mellon v. Goodyear,* 277 U.S. 335, 72 L.Ed. 906, 48 S.Ct. 541 (1927); *Southern Bell Tel. Co. v. Cassin,* 111 Ga. 575, 36 S.E. 881 (1900); *Fuller v. Atchison, T. & S. F. Rly. Co.*, 124 Kan. 66, 257 Pac. 971 (1927); *Haws v. Leuthje,*

503 P.2d 871 (Okla. 1972); Speiser, Recovery For Wrongful Death 2d §§ 5:13, 5:14; 25A C.J.S., Death § 47.

The Oklahoma Supreme Court in *Haws v. Leuthje,* 503 P.2d at 874, felt the tortfeasor should be able to pay the injured party totally and completely at one time for his acts without living in fear of future litigation. In the opinion it quoted from *Southern Bell Tel. Co. v. Cassin,* 111 Ga. at 594, the court pointing out:

"The family stand to him in the relation of heirs, and, like all heirs, have no rights which can interfere with those of the living. They take what he leaves . . . and if, before his death he has settled with defendant, he has, by his own act, transmuted the value of a cause of action into dollars and cents, and deprived his family of any further value growing out of the negligence complained of."

Authorities supporting extinguishment of the right of the heirs to recover on a subsequent wrongful death claim, where prior to his death the decedent proceeded to trial on his claim for personal injuries and obtained a judgment, either in his favor or in favor of the tortfeasor are: Restatement (Second) of Judgments § 46 (1982); Speiser, Recovery For Wrongful Death 2d §§ 5:19-5:22; 25A C.J.S., Death § 49; Annot., 94 A.L.R.3d 676. See *Alfone v. Samo,* 87 N.J. 99, 432 A.2d 857 (1981).

For the reasons stated we affirm the decision in *Graham v. Updegraph,* 144 Kan. 45. We hold in construing our wrongful death statute, K.S.A. 60-1901, that where the injured party could not have brought an action for his personal injuries because the statute of limitations had run against his claim prior to his death, a wrongful death action cannot be maintained. The condition specified in the wrongful death statute requiring that the injured party have the capacity to *maintain* the action had he or she lived is not fulfilled.

As applied to the facts certified to this court we answer the certified question by construing K.S.A. 60-1901 to require the existence of a right of action in the plaintiff's husband at the time of his death as a condition precedent to the existence of a right of action in the plaintiff wife; and that the fulfillment of that condition became impossible by reason of the expiration, prior to his death, of the period of limitations governing the husband's claim.

IT IS BY THE COURT SO ORDERED THIS 16th DAY OF JULY, 1982.