No. 64,442

PATRICIA CROCKETT, Individually and as the Administratrix of the Estate of CLEMMIE BROWN, Deceased, *Appellant*, v. MEDI-CALODGES, INC., a Kansas Corporation, and NORMAN G. MARVIN, M.D., *Appellees.*

(799 P.2d 1022)

Opinion filed October 26, 1990.

*Michael R. McIntosh*, of Kansas City, and *Gregory Bernard King*, of Kansas City, were on the brief for appellant.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Ben T. Schmitt*, of the same firm, was with him on the brief for appellee Medicalodges, Inc.

*Phillip P. Ashley*, of Williamson & Cubbison, of Kansas City, argued the cause, and *M. Warren McCamish*, of the same firm, was with him on the brief for appellee Norman G. Marvin, M.D.

The opinion of the court was delivered by

ABBOTT, J.: Patricia Crockett, individually and as the administratrix of the Estate of Clemmie Brown, appeals, contending the trial court erred in granting summary judgment in favor of Medicalodges, Inc., and Norman G. Marvin, M.D.

Clemmie Brown had been a resident of a nursing home owned and operated by Medicalodges. Dr. Marvin provided medical care and treatment for Mrs. Brown while she was a resident of the nursing home.

The trial court granted summary judgment in favor of Medicalodges on the theory that two prior filings were involuntarily dismissed and thus barred by K.S.A. 60-241 and that the claims were barred by the statute of limitations. The trial court subsequently granted summary judgment to Dr. Marvin, finding only that he had last treated Mrs. Brown on August 18, 1983, and that he was first named as a defendant on April 15, 1986.

At the outset, Medicalodges challenges the jurisdiction of this court because plaintiff appealed the summary judgment granted to Medicalodges; the trial court then dismissed that appeal, pursuant to Supreme Court Rule 5.051 (1989 Kan. Ct. R. Annot. 23). Plaintiff did not appeal the dismissal, but did file a second notice of appeal after summary judgment was granted to Dr. Marvin.

When multiple parties and claims are involved, an order of the district court settling one of the claims or dismissing one of the parties is not an appealable final order unless the district court expressly directs the entry of judgment and determines there is no just reason for delay. K.S.A. 1989 Supp. 60-254(b); *Fredricks v. Foltz,* 221 Kan. 28, 30, 557 P.2d 1252 (1976). The record on appeal must affirmatively show that the trial court expressly directed entry of judgment and found there is no just reason for delay; the appellate court will not assume the court made these findings simply because it used the word judgment. *City of Salina v. Star B, Inc.,* 241 Kan. 692, 695-96, 739 P.2d 933 (1987).

In the present case, the trial court first granted summary judgment for Medicalodges. The claim against Dr. Marvin remained. It did not direct entry of judgment or expressly determine that there was no just reason for delay of final judgment when it

granted Medicalodges' summary judgment motion. Therefore, the order granting Medicalodges' motion was an interlocutory order and not appealable. Had plaintiff properly docketed the appeal, it would have been dismissed as interlocutory. The proper procedure for plaintiff to follow was to file a notice of appeal after a final judgment had determined all the claims involved in the lawsuit. Plaintiff did this. This court has jurisdiction to review the order granting Medicalodges summary judgment.

Summary judgment is proper only when there are no uncontroverted material facts showing that one party is entitled to judgment. The appellate court must read the record in the light most favorable to the defending party. *Patterson v. Brouhard*, 246 Kan. 700, 792 P.2d 983 (1990). "The party opposing summary judgment, however, has the affirmative duty to come forward with facts to support its claim, although it is not required to prove its case." *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 307, 756 P.2d 416 (1988).

By way of background, Medicalodges owned and operated Medicalodge North Health Care Facilities. It entered into a contract with Clemmie Brown, whereby Medicalodges, for consideration, agreed to provide Mrs. Brown with room and board and medical and health care. Plaintiff alleges that Dr. Marvin was acting as the "employee, servant and agent" of Medicalodges. Mrs. Brown was admitted to Medicalodges North on December 17, 1982. On August 23, 1983, that relationship ceased and Mrs. Brown sought lodging and medical care and treatment from a third party. Mrs. Brown died on May 18, 1984.

On August 7, 1985, Mrs. Brown's five daughters, individually and on behalf of Clemmie Brown, deceased, filed suit against Medicalodges, Inc., David Mericer, and Fletcher Bell, alleging breach of contract and that defendants' negligent acts caused Mrs. Brown's death. At the request of Medicalodges, the case was dismissed by the trial court on December 10, 1985, without prejudice, because the named plaintiffs were not the real parties in interest concerning the relief sought.

The five daughters of Clemmie Brown had earlier (March 8, 1985) filed suit against Medicalodges of Kansas City, Inc. After the case in the preceding paragraph was dismissed on December 10, 1985, Medicalodges filed a motion to dismiss the case against

Medicalodges of Kansas City, Inc., for failure to prosecute, failure to make discovery, and on grounds of res judicata. The claim of res judicata is based on the later case that was dismissed on December 10, 1985. The trial court dismissed the suit, but did not state the specific reasons for its dismissal. From subsequent pleadings, it is obvious that an incorrect corporation was sued or an incorrect corporate name was used.

On April 15, 1986, Patricia Crockett, as administratrix of Clemmie Brown's estate, filed suit in three counts against Medicalodges, Inc., and Norman G. Marvin, M.D. In Count I, she alleged that the defendants' care of her mother, Clemmie Brown, while she was a resident of the nursing home, caused her death. In Count II, Crockett prayed for damages against both defendants for the personal injuries suffered by Mrs. Brown due to their negligent treatment. In Count III, she alleged that Medicalodges had breached its contract with Mrs. Brown when it discharged her from the facility.

Medicalodges filed a motion to dismiss on August 25, 1986. The motion argued that Crockett, as administratrix, was not the real party in interest because only the heirs at law could bring an action for wrongful death. It also argued all three counts were barred by the statute of limitations and Count III should also be dismissed because it did not state a claim upon which relief could be granted.

On September 9, 1986, Crockett filed a motion for leave of court to amend her pleading to reflect she was suing as Brown's heir at law, not as administratrix of Brown's estate. The amended petition was filed on December 11, 1986. In the amended petition, Crockett remained the sole plaintiff, but sued individually and as administratrix of the estate.

Medicalodges filed a motion for summary judgment on January 26, 1987. It argued that the dismissals of the two previous lawsuits on the same claims were an adjudication on the merits and, as such, the present suit was barred by res judicata.

On March 10, 1987, the trial court issued a memorandum opinion finding that the case against Medicalodges should be dismissed pursuant to K.S.A. 60-241(a), which provides that the second voluntary dismissal of a lawsuit operates as an adjudication upon the merits and, thus, Crockett's third lawsuit was barred.

The trial court subsequently granted a motion for summary judgment because the cause of action against Medicalodges and Dr. Marvin was barred by the statute of limitations.

Here, the trial court found that the first two suits filed by Crockett against Medicalodges were involuntarily dismissed. Based on this finding, it dismissed the third lawsuit for the following reason:

"A careful reading of K.S.A. 60-241 indicates that *a second voluntary dismissal* of a lawsuit operates an adjudication upon the merits and hence, a third filing of the same lawsuit is subject to a dismissal on the bar of res judicata. *This is precisely what we have here.*" (Emphasis supplied.)

Although the trial court referred to the two dismissals as voluntary, it first found in the same journal entry that the dismissals were involuntary. The distinction is important in this case. The "two-dismissal" rule referred to by the trial court appears in K.S.A. 60-241(a). That section deals with voluntary dismissals allowed without order of the court. It provides that a voluntary dismissal is without prejudice "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Neither K.S.A. 60-241(a)(2), which provides for voluntary dismissals that must be granted by order of the court, nor K.S.A. 60-241(b), which deals with involuntary dismissals, contains a similar rule. Thus, in order for Crockett to be barred under the "two-dismissal" rule, she must have twice voluntarily dismissed her suit. The record shows that both earlier cases were dismissed upon motions of the defendants and were, thus, involuntary dismissals. Since neither of Crockett's previous suits were voluntarily dismissed by her, the "two-dismissal" rule as set forth in K.S.A. 60-241(a)(1) is not applicable. The trial court's reasoning was, therefore, erroneous.

However, this court has stated: "The reasons given by the district court for its decision are immaterial so long as its ruling was correct for any reason." *Prairie State Bank v. Hoefgen*, 245 Kan. 236, 245, 777 P.2d 811 (1989).

K.S.A. 60-241(b) provides the following regarding involuntary dismissals:

"For failure of the plaintiff to prosecute or to comply with these sections or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under K.S.A. 60-219, operates as an adjudication upon the merits."

The first case filed (No. 85-C-835) was dismissed involuntarily upon motion of the defendant. This dismissal was an adjudication on the merits under K.S.A. 60-241(b). Since it was not appealed, it is res judicata. However, No. 85-C-835 was a suit against Medicalodges of Kansas City, Inc. The present case is against Medicalodges, Inc. This is a separate and distinct entity from Medicalodges of Kansas City, Inc.. In order for res judicata to apply, the parties must be the same. *Greenhaw v. Board of Johnson County Comm'rs*, 245 Kan. 67, 68-69, 774 P.2d 956 (1989). The dismissal of No. 85-C-835 did not bar the present suit.

The trial court stated in its journal entry that the second case (No. 85-C-2679) was dismissed without prejudice. A dismissal without prejudice does not have the effect of res judicata. *Greenlee v. Goodyear Tire & Rubber Co.*, 572 F.2d 273, 275-76 (10th Cir. 1978). Therefore, the dismissal of No. 85-C-2679 did not bar this suit. The trial court erred by holding that the current lawsuit is barred by res judicata.

The trial court dismissed the negligence action, finding it was barred by the statute of limitations. The applicable statute of limitations for both a medical malpractice and a wrongful death action is two years. K.S.A. 1989 Supp. 60-513(a)(5) and (7).

In this case, there is a debate as to when the statute of limitations began to run. The defendants argue that it started at the latest on August 18, 1983, the date all parties agree was the last date Medicalodges and Dr. Marvin treated Mrs. Brown. Crockett argues that, since the claim is for wrongful death, the statute of limitations began to run on the date of Mrs. Brown's death, May 18, 1984.

K.S.A. 1989 Supp. 60-513(c) provides:

"A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have

accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action."

K.S.A. 60-1901 creates a cause of action for wrongful death. It states:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased."

The Kansas Court of Appeals has stated that the cause of action for wrongful death must be brought within two years of the date of death. *Clark v. Prakalapakorn,* 8 Kan. App. 2d 33, 34, 648 P.2d 278, *rev. denied* 231 Kan. 799 (1982). In *Clark,* the plaintiff sued for medical malpractice and wrongful death. The date of death was August 15, 1978, and the suit was filed on September 24, 1980. Summary judgment was entered against plaintiff on the basis that the suit was barred by the two-year statute of limitations set forth in K.S.A. 60-513. Plaintiff appealed, arguing that the doctor's negligence which caused the death was not discovered until eight months after the decedent's death; therefore, the injury was not reasonably ascertainable until that time and the suit was timely filed. The Court of Appeals affirmed the summary judgment, holding that the injury was reasonably ascertainable no later than the date of death; thus, the statute of limitations began to run no later than the date of death. In essence, it held that, regardless of when the reason for death is determined, the suit must be brought within two years of the date of death. *Clark* does not extend the statute of limitations for wrongful death actions, but, instead, limits it to not more than two years from the date of death.

In the present case, Crockett is alleging Dr. Marvin's malpractice caused the death of her mother. The issue is whether the date to begin the running of the statute of limitations is the date of the alleged malpractice, the date of death, or the date the malpractice was reasonably ascertainable. In 1982, the United

States District Court certified a similar question to this court. *Mason v. Gerin Corp.*, 231 Kan. 718, 647 P.2d 1340 (1982). The issue presented was:

"Does the cause of action accrue and the statute of limitations for a wrongful death action begin to run at the date of death, so that a wrongful death action brought within two years of the date of death is not time barred, even though the action was brought more than two years after the deceased's action for personal injury accrued?" 231 Kan. at 720.

This court focused on the phrase "if the former might have maintained the action had he or she lived," contained in K.S.A. 60-1901. The court noted that in *Graham v. Updegraph*, 144 Kan. 45, 58 P.2d 475 (1936), this phrase had been interpreted to mean that, if the applicable statute of limitations barred the plaintiff from bringing an action had he lived, his personal representative was also barred from bringing a claim for wrongful death. 231 Kan. at 719-20. The federal court in *Mason* had disregarded this case, questioning its value as precedent. *Mason* was the first case to address the issue since *Graham*. 231 Kan. at 720. After a thorough discussion of the changes in statutes and subsequent cases in this jurisdiction and others, this court affirmed the holding in *Graham*. 231 Kan. at 725. The court stated its holding as follows:

"We hold in construing our wrongful death statute, K.S.A. 60-1901, that where the injured party could not have brought an action for his personal injuries because the statute of limitations had run against his claim prior to his death, a wrongful death action cannot be maintained. The condition specified in the wrongful death statute requiring that the injured party have the capacity to *maintain* the action had he or she lived is not fulfilled." 231 Kan. at 725.

This holding does not bar Crockett's claim. The latest date Mrs. Brown was treated by Dr. Marvin was August 18, 1983. This is the latest date her claim for personal injury could have accrued. She died on May 18, 1984, within the two-year statute of limitation period. Thus, she had the capacity to maintain her claim against him on the date of her death. *Mason* deals with claims that were barred prior to the injured person's death.

An issue, not answered by the court in *Mason*, is whether Mrs. Brown's personal representative can maintain the action within two years of the date of death but outside two years since the

last date the injury could have accrued. This question was addressed briefly by the United States District Court in *Brubaker v. Cavanaugh*, 542 F. Supp. 944 (D. Kan. 1982).

In *Brubaker*, one of the plaintiffs was the husband of Shirley Brubaker. Shirley had died in 1981 from a hereditary disease. The defendant doctor had treated her father, who suffered from the same disease, until his death in 1960. The defendant did not inform the father of the disease. The same defendant treated Shirley four times between 1960 and 1968. He did not inform Shirley of the disease her father had had. In 1980, Shirley's son was diagnosed as suffering from the same disease. Shirley's husband brought suit against the defendant for wrongful death and negligence, as well as other claims not relevant here. The federal court held that all the claims were barred by the statute of limitations. It first found that the latest date the action accrued against the defendant was December 18, 1968, when he last saw Shirley. Thus, the action based on medical negligence was barred four years later, December 18, 1972, under K.S.A. 60-513(c). Likewise, the suit for wrongful death was barred. The federal court found that the limitations contained in 60-513(c) apply to wrongful death claims when the claim the injured party could have maintained during her life was failure to render professional services. 542 F. Supp. at 947-48. Thus, 1968 was also the relevant date for accruing an action for wrongful death.

Under *Brubaker*, the latest date the wrongful death claim could have accrued in the present case was not the date of Mrs. Brown's death, but August 23, 1983, the date Mrs. Brown was discharged by Medicalodges and Dr. Marvin. The action was filed on April 15, 1986, more than two years after the date the injury accrued. Thus, if the malpractice was reasonably ascertainable on the date of discharge, it is barred by the statute of limitations. K.S.A. 1989 Supp. 60-513(b) and (c) provide that the time for filing suit will not begin until the injury is reasonably ascertainable, but no longer than four years after the injury. The question of when an injury is reasonably ascertainable is a question of fact. *Cleveland v. Wong*, 237 Kan. 410, 413-14, 701 P.2d 1301 (1985). This case was filed within four years of the injury, since Dr. Marvin treated Mrs. Brown from December 30, 1982, until August 18, 1983.

The problem, as we see it, is that plaintiff alleges the defendants knew Mrs. Brown was suffering from a serious liver ailment and knowingly administered to her medication known to be unreasonably harmful and dangerous when taken internally by one with a liver ailment. The trial court made no findings as to when this alleged malpractice was reasonably discoverable. We are unwilling to hold that a patient has a duty to monitor medicine prescribed and administered by his or her physician in the absence of facts not present in the record before us; thus, the statute of limitations would not necessarily commence to run as of the day care and treatment ceased. Based on the record before us, we hold that the trial court erred in holding the statute of limitations barred claims against Medicalodges and Dr. Marvin for negligent prescription and administration of medication. All other claims against Dr. Marvin are time barred, as they were ascertainable as of the date he last treated Mrs. Brown, *i.e.*, August 18, 1983. All other claims against Medicalodges are also time barred.

Next, Crockett argues that her suit is not time barred because it contained a claim for breach of contract, which has a three-year statute of limitations. K.S.A. 60-512. The alleged breach was the discharge of Mrs. Brown from the facility on August 23, 1983, and, thus, that is the date the statute began to run. Her lawsuit was filed within three years of that date. However, this court has clearly stated that certain duties and obligations are imposed on hospitals and physicians by law, breach of those duties is malpractice, and damages are in tort, even if there is an express contract between the parties. *Malone v. University of Kansas Medical Center*, 220 Kan. 371, 374-75, 552 P.2d 885 (1976). Crockett's suit was one in tort and the three-year statute of limitations did not apply.

Except as noted above, the two-year statute of limitations for Crockett's wrongful death and personal injury claims had passed when she filed her suit against Medicalodges, Inc. Since she did not seek to toll the running of the statute of limitations by proceeding under K.S.A. 60-518, we cannot review that issue.

Affirmed in part, reversed in part, and remanded with directions to reinstate the malpractice claims against Medicalodges and Dr. Marvin as to negligent administration of medication.