NOT DESIGNATED FOR PUBLICATION

No. 126,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BO ZOU,
*Appellant*,

v.

WASHBURN SOUTH APARTMENTS LLC,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Submitted without oral argument. Opinion filed June 28, 2024. Appeal dismissed.

*Bo Zou*, appellant pro se.

*Sarah E. Stula*, of Foulston Siefkin LLP, of Overland Park, and *Amy Lemley*, of the same firm, of Wichita, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Bo Zou appeals the district court's dismissal without prejudice of his claims against Washburn South Apartments LLC (Washburn South). Washburn South argues that Zou's claims were identical to his counterclaims in a parallel eviction case, making it proper for the district court to dismiss this suit. Because we do not have jurisdiction to review this appeal, we dismiss.

FACTS

Zou and Washburn South are involved in a separate appeal. (See No. 126,735 Washburn South Apartments LLC v. Bo Zou.) On September 6, 2022, Washburn South gave Zou notice that he was in default under the lease and had three days to pay the delinquent sum. On September 9, 2022, Zou filed the small claims petition at issue in this case alleging that Washburn South's manager entered his room without notice, Zou's notebook was stolen in August 2022, and two men tried to enter his apartment forcibly in September 2022. On September 20, 2022, Washburn South petitioned the district court to evict Zou—the first filing in the other case. In that eviction case, Zou brought counterclaims alleging that Washburn South's manager entered his room without notice in June 2022, Zou's notebook was stolen in August 2022, and two men tried to enter his apartment forcibly in September 2022. He also made additional allegations not relevant to this appeal.

The district court's handwritten minutes from an October hearing on Zou's small claims read as follows: "Defendant agreed to dismiss [his small claims] case without prejudice as all claims are contained within the counterclaim on 2022LM8616 for which he desires a jury trial."

Zou moved to set aside the dismissal. He claimed that he did not agree to dismiss his small claims. He stated that he objected to the dismissal. Then Zou moved for a new hearing, requesting that a new judge conduct the same hearing that occurred in October.

On December 7, 2022, the district court held back-to-back hearings on the two cases involving Zou and Washburn South. The district court held a pretrial hearing on the eviction case which forms the basis of the separate appeal. The district court then immediately called the case at issue in this appeal. In the eviction case, Washburn South was represented by counsel. But counsel did not participate in this small claims case.

2

For the small claims case, Washburn South appeared through a corporate representative, Jason Rogers. Although Rogers is an attorney in Oklahoma, he had operational duties with Washburn South and appeared as only a corporate representative. He did not appear as counsel.

The district court pointed out to Zou that his claims in this case were identical to his counterclaims in the eviction case. Zou told the district court that the previous judge asked him to choose small claims or counterclaim. He asserted that he objected several times, but the previous judge forced him to choose. The district court then had the following discussion with Zou through his interpreter:

> "THE COURT:  All right.
>
> "Mr. Zou, this is a different issue, but how is this small claims case any different than your counterclaim? Tell me how it's different?
>
> "MR. ZOU [through interpreter]:  Because my evidence—some evidence different. The claims are different.
>
> "THE COURT:  How?
>
> "MR. ZOU [through interpreter]:  For example, my stuff was stolen. They entered into my room illegally. They entered into my room illegally. They touch my food. So I threw all the food away.
>
> "So this is the claim. And the worse thing is—
>
> "MR. ZOU (personally):  They use my air conditioner and more the costs. They illegally enter my room.
>
> "MR. ZOU [through interpreter]:  They enter into my room illegally violating the Kansas law. So I need to make a claim. My counterclaim, the other piece, I don't claim that."

Zou's counterclaim in the eviction case states the following:

"The former apartments manager . . . brought other people to enter Defendant's room in search of Defendant's private stuff, touched Defendant's food, turned on the room air conditioner to run until Defendant came back at 6:10 PM. Defendant trashed all food, including milk, olive oil, fruit juice, and drinking water, etc. Plaintiff seriously infringed Defendant's privacy. Defendant never requested any maintenance for the rental property. Plaintiff never issued any maintenance order to its maintenance employees, either."

Rogers stated that Washburn South's position was that the claims in both cases were the same, but Washburn South would not object if Zou wanted to amend his counterclaims in the eviction case.

The district court denied Zou's motion to set aside the dismissal without prejudice of his small claims case. The district court gave Zou 14 days to amend his counterclaims in the eviction case.

Zou appealed his small claims case to the district court. The district court dismissed his appeal for lack of jurisdiction. The district court held that the Small Claims Procedure Act provided for appeals to the district court from "'any judgment'" in small claims, but a dismissal without prejudice is not a judgment. Thus, the district court dismissed the appeal, stating that there was no final determination of rights from which to appeal.

Zou timely appeals.

ANALYSIS

*Does this court have jurisdiction to consider this appeal?*

Zou argues that the district court had jurisdiction to review his appeal of his small claims case. He contends that the district court erred by dismissing his appeal instead. Washburn South argues that the district court did not have jurisdiction to review the small claims appeal, nor does this court have jurisdiction, because no final judgment exists.

Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. See *State v. Thurber*, 313 Kan. 1002, 1007, 492 P.3d 1185 (2021). The Kansas Constitution states that the Kansas Supreme Court "shall have . . . such appellate jurisdiction as may be provided by law." Kan. Const. art. 3, § 3. Kansas appellate courts have jurisdiction to entertain an appeal if the appeal is taken only in the manner prescribed by statutes, subject to certain exceptions. *In re T.S.*, 308 Kan. 306, 309, 419 P.3d 1159 (2018).

The "judicial power" granted to the courts under Article 3, section 1 of the Kansas Constitution is the power to hear, consider, and determine controversies between rival litigants. Having an actual controversy is key; an abstract controversy does not meet the constitutional standard because courts do not give advisory opinions. *Baker v. Hayden*, 313 Kan. 667, 672, 490 P.3d 1164 (2021); see *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896-98, 179 P.3d 366 (2008).

While Article 3 of the Kansas Constitution does not include an explicit case-or-controversy requirement, the requirement stems from the separation of powers doctrine

embodied in the Kansas constitutional framework. And Kansas law, not federal, determines the existence of a case or controversy, that is, justiciability. But Kansas courts are not prohibited from considering federal law when analyzing justiciability. Under the Kansas case-or-controversy requirement, courts require: (1) parties have standing; (2) issues not be moot; (3) issues be ripe, having taken fixed and final shape rather than remaining nebulous and contingent; and (4) issues not present a political question. *Rivera v. Schwab*, 315 Kan. 877, 902, 512 P.3d 168 (2022), *cert. denied Alonzo v. Schwab*, 143 S. Ct. 1055 (2023).

It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction only over the rulings identified in the notice of appeal. *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011); *In re Adoption of E.D.*, 57 Kan. App. 2d 500, 505, 453 P.3d 1202 (2019).

If the district court lacked jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *In re Care & Treatment of Emerson*, 306 Kan. 30, 39, 392 P.3d 82 (2017).

The Small Claims Procedure Act, K.S.A. 61-2701 et. seq., can be used for "a claim for the recovery of money or personal property, where the amount claimed or the value of the property sought does not exceed $4,000, exclusive of interest, costs and any damages awarded pursuant to K.S.A. 60-2610 and amendments thereto." K.S.A. 61-2703(a).

The purpose of the Act is "to provide and maintain simplicity of pleading." K.S.A. 61-2705.

Whether determined by a district judge or a district magistrate judge, an appeal from any judgment under the Act may be taken by filing a notice of appeal with the clerk of the district court within 14 days after entry of judgment. The notice of appeal must specify the party or parties taking the appeal and the order, ruling, decision, or judgment appealed from. "All appeals shall be tried and determined de novo before a district judge, other than the judge from which the appeal is taken." K.S.A. 2023 Supp. 61-2709(a). An appeal may be taken from the de novo review by the district court to an appellate court within 30 days of entry of that judgment. K.S.A. 2023 Supp. 60-2103(a); K.S.A. 2023 Supp. 61-2709(b); see *Szoboszlay v. Glessner*, 233 Kan. 475, 479-80, 664 P.2d 1327 (1983).

K.S.A. 2023 Supp. 61-2709(b) provides that a district court judgment on a small claims appeal may be appealed to this court under article 21 of chapter 60 of the Kansas Statutes Annotated. Thus, small claims appeals to this court are subject to the same jurisdictional requirements as all civil appeals. See K.S.A. 2023 Supp. 60-2102; *Szoboszlay*, 233 Kan. at 479-80. K.S.A. 2023 Supp. 60-2102(a)(4) provides appellate jurisdiction over "[a] final decision in any action." Courts have defined a "'final decision'" as one that "generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court." *Kaelter v. Sokol*, 301 Kan. 247, 249-50, 340 P.3d 1210 (2015).

A district court's order dismissing a case without prejudice is not a final decision on the action. "A dismissal without prejudice does not have the effect of res judicata." *Crockett v. Medicalodges, Inc.*, 247 Kan. 433, 438, 799 P.2d 1022 (1990), *overruled on other grounds by Martin v. Naik*, 297 Kan. 241, 300 P.3d 625 (2013). Because a dismissal without prejudice has no res judicata effect, it necessarily follows that this dismissal order is not an adjudication on the merits. See *Crockett*, 247 Kan. at 438; *Taylor v. International Union of Electronic Workers, et al.*, 25 Kan. App. 2d 671, 675, 968 P.2d 685 (1998) (discussing plaintiff's voluntary dismissal of the lawsuit that was not

7

a failure on the merits); *DeWeese v. State*, No. 121,922, 2021 WL 3438350, at *17 (Kan. App. 2021) (unpublished opinion) (holding that the claimant's voluntary dismissal of his K.S.A. 60-1507 motion was not a final decision and this court had no appellate jurisdiction).

"A trial court's order granting a motion for voluntary dismissal without prejudice is not a final order and, as such, an appellate court is without jurisdiction to consider an appeal of that order." *Bain v. Artzer*, 271 Kan. 578, Syl. ¶ 2, 25 P.3d 136 (2001); see *West v. Miller*, No. 109,103, 2013 WL 6726175, at *3 (Kan. App. 2013) (unpublished opinion).

Zou contends that his dismissal was not voluntary. But K.S.A. 2023 Supp. 60-241 contains two different bifurcations of dismissals: (1) voluntary or involuntary, and (2) with prejudice or without prejudice. The *Bain* court held that a voluntary dismissal without prejudice is not subject to appeal. *Bain*, 271 Kan. 578, Syl. ¶ 2. But the question remained whether an involuntary dismissal—also without prejudice—would be subject to appeal. This court has clarified that the key distinction is whether the dismissal is without prejudice. *Cohen v. Battaglia*, 41 Kan. App. 2d 386, 390-91, 202 P.3d 87 (2009), *rev'd on other grounds* 296 Kan. 542, 293 P.3d 752 (2013). The *Cohen* court considered an involuntary dismissal without prejudice, stating the following:

> "A dismissal without prejudice contemplates by its very nature the possibility of refiling an action that is exactly or substantially the same as the action dismissed. Judicial economy is not served by allowing an appeal from such a dismissal when a plaintiff does not show that he or she will be adversely affected by the dismissal." *Cohen*, 41 Kan. App. 2d at 391.

In *Bain*, the dismissal was voluntary while in *Cohen* the dismissal was involuntary. The rule was the same because both dismissals were without prejudice—the key distinction. Thus, whether voluntary or involuntary, this court lacks jurisdiction to

review a dismissal without prejudice because the district court's dismissal order does not constitute a final order. *Jarvis v. Summers*, No. 117,298, 2018 WL 3198399, at *3 (Kan. App. 2018) (unpublished opinion). But see *Cohen*, 41 Kan. App. 2d at 390 (acknowledging the exception that a plaintiff would suffer prejudice if a second lawsuit was barred by the statute of limitations); *Brown v. Kansas City Archdiocese*, No. 98,213, 2008 WL 624703, at *4 (Kan. App. 2008) (unpublished opinion) ("[P]rejudice is found only when a second lawsuit may be barred by the statute of limitations."). Unless the statute of limitations has run, the plaintiff may refile. The district court has not adjudicated the rights of the parties. The order of dismissal does not dispose of the entire merits of the case. And a dismissal without prejudice certainly does not leave "no further questions or possibilities for future directions or actions by the lower court" because the case can be refiled in the lower court. *Kaelter*, 301 Kan. at 250. Because we do not have jurisdiction to review this appeal, we dismiss.

Appeal dismissed.