(648 P.2d 278)
No. 53,684

Mrs. Elgin Clark, Lionel Clark and Rodney Clark, *Appellants*,
v. Yanyong Prakalapakorn, M.D., *Appellee*.

Opinion filed July 29, 1982.

*Dennis J. Keenan* of Keenan, Mauch & Keenan, P.A., of Great Bend, for the appellants.

*B. G. Larson* of Williams, Larson, Voss, Strobel & Estes, of Dodge City, for the appellee.

Before Foth, C.J., Spencer and Parks, JJ.

*Per Curiam:* This is an action for damages alleged to have resulted from medical malpractice and the wrongful death of one Elgin Clark, who was injured in an automobile accident on August 14, 1978, and whose death occurred on August 15, 1978. This action was filed September 24, 1980. Summary judgment was entered on account of the two-year statute of limitations as set forth in K.S.A. 60-513 and plaintiffs have appealed.

Relevant portions of K.S.A. 60-513 are:

"(a) The following actions shall be brought within two (2) years: . . .

. . . .

"(5) An action for wrongful death.

. . . .

"(7) . . . . (b) Except as provided in subsection (c) of this section, the cause of action in this action [section] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party . . . ."

Plaintiffs' position is that the "injury" was not discovered until they consulted with the doctor some eight months after decedent's death. Therefore, there remained an issue of material fact as to when the fact of injury became reasonably ascertainable to the injured parties. Relying on *Ruthrauff, Administratrix v. Kensinger,* 214 Kan. 185, 519 P.2d 661 (1974), and *Hecht v. First*

*National Bank & Trust Co.,* 208 Kan. 84, Syl. ¶¶ 1, 2, 490 P.2d 649 (1971), plaintiffs argue they, as the injured parties, did not have an opportunity to reasonably ascertain the negligence of defendant, which they assert is the fact of injury, until some length of time after decedent's death.

Defendant, relying on the same authorities, argues the fact of injury was the decedent's death itself, of which plaintiffs were aware on August 15, 1978.

Although our research has not revealed Kansas authority bearing directly on the issue here presented, this court has stated that a cause of action for wrongful death must be brought within two years of the date of death. *Frost v. Hardin,* 1 Kan. App. 2d 464, 465, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978). Such appears to be the general rule. 22 Am. Jur. 2d, Death § 40; 25A C.J.S., Death § 54. Accordingly, we hold the fact of injury in this case was the death of Elgin Clark, which was reasonably ascertainable on August 15, 1978. Since this action was not commenced until September 24, 1980, which was beyond the limitation prescribed by K.S.A. 60-513, summary judgment was properly entered for defendant.

Affirmed.