(694 P.2d 1331)
No. 57,112

BETHANY MEDICAL CENTER, *Plaintiff-Appellee,* v. CLARK KNOX and
GERALDINE KNOX, *Defendants-Appellants.*

Opinion filed February 14, 1985.

*John G. O'Connor,* of Barnett & Ross, Chartered, of Kansas City, for appellants.
*Scott K. Logan,* of Fallon, Holbrook & Ellis, of Kansas City, for the appellee.

Before FOTH, C.J., MEYER and BRISCOE, JJ.

MEYER, J.: This is a civil suit brought by plaintiff-appellee Bethany Medical Center against defendant-appellant Geraldine Knox for $3,147.37 plus interest for hospitalization and services rendered her.

Geraldine Knox is an employee of American Management Services, a company providing housekeeping services to Bethany Medical Center on a subcontract basis. Knox worked exclusively at Bethany Medical Center, and on September 26, 1981, Knox had a recurrence of symptoms from a back injury suffered on July 26, 1981, while making hospital beds. Knox was admitted to Bethany Medical Center as an inpatient on September 26, 1981, and was released from the hospital on October 8, 1981, incurring a total bill for services rendered of $3,147.37. This bill has remained unpaid.

On April 18, 1983, Bethany Medical Center brought suit against Knox for the amount of the charges owing. Knox an-

swered by denying any liability to the hospital, claiming the Workmen's Compensation Act necessitated Bethany Medical Center provide full health care and hospitalization to her. Knox filed a motion to dismiss plaintiff's claim on April 3, 1984. On April 11, 1984, the district court overruled Knox's motion to dismiss. Specifically the court noted that Knox had never filed a claim for workers' compensation as provided in K.S.A. 44-501 *et seq.*, and that it had never been proven Bethany Medical Center was the statutory employer of Knox. The court concluded by finding Knox to be indebted to Bethany Medical Center. On April 25, 1984, a confession judgment of $3,147.37 plus costs was entered in favor of the Medical Center.

We agree with the decision reached by the trial court.

In this case, the trial court heard Knox's motion to dismiss and in so doing considered evidence proffered by counsel outside the pleadings. Under K.S.A. 60-212(c), when matters outside the pleadings are not excluded by the court, a motion to dismiss must be treated as one for summary judgment under K.S.A. 60-256.

In general, summary judgment may be granted when the record before the court shows conclusively that there is no genuine issue as to a material fact, giving the benefit of all inferences which may be drawn from the admitted facts to the party against whom judgment is sought. *McAlister v. Atlantic Richfield Co.*, 233 Kan. 252, Syl. ¶¶ 1, 2, 3, 4, 662 P.2d 1203 (1983); *Ebert v. Mussett*, 214 Kan. 62, 65, 519 P.2d 687 (1974); *Lawrence v. Deemy*, 204 Kan. 299, 301-02, 461 P.2d 770 (1969). The purpose of summary judgment is to avoid trial where there is no real issue of fact.

Only one issue of fact was present in this case. Knox does not deny that she received medical care from Bethany Medical Center in the amount of $3,147.37, nor does she deny signing an admittance form stating she would be held financially responsible for any amounts incurred as a result of her stay. Instead, Knox's sole argument in support of her motion to dismiss was that under the Workmen's Compensation Act, Bethany Medical Center was under statutory obligation to her to provide free medical care and health services. Specifically, Knox relied on K.S.A. 44-503, which makes a principal employer liable under the Workmen's Compensation Act for injuries to employees of subcontractors hired by the principal; and K.S.A. 44-510, under

which an employer has the duty in the event of an accident arising out of the course of employment to provide the injured employee with medical, surgical, and hospital treatment as is necessary.

Bethany Medical Center, in contrast, states simply that Knox has at no time filed a claim for workers' compensation, and thus, as she has not complied with the statutory requirements of the Act, cannot receive benefits thereunder.

K.S.A. 44-501 sets forth the basic obligation of an employer under the Workmen's Compensation Act. That section provides in part that if an employee suffers personal injury through an accident arising in the course of his or her employment, "his or her employer shall be liable to pay compensation to the employee *in accordance with the provisions of the workmen's compensation act. . . . except as provided in the workmen's compensation act,* no employer . . . shall be liable for any injury for which compensation is recoverable thereunder." (Emphasis added.) As so stated, the remedies provided employees under the act are exclusive as to all injuries within its purview. *Peschka v. Wilkinson Drilling Co.,* 192 Kan. 126, 130-31, 386 P.2d 509 (1963). Where both the worker and employer are under the act, the employee's remedies for injuries thereunder are exclusive. *Kelley v. Summers,* 210 F.2d 665, 672-73 (10th Cir. 1954).

Under K.S.A. 44-520, before an employee may invoke the remedies provided under the Workmen's Compensation Act, the employee *must* file notice of the accident with the employer within 10 days after the date of the accident. In addition, K.S.A. 44-520a provides that no compensation under the Act shall be forthcoming unless a written claim for compensation be furnished and served upon the employer within 200 days after the accident.

Although K.S.A. 44-510 does state an employer has a duty to provide medical and hospital treatment and does not specifically state that a claim in accordance with the Act must be filed before an employer has this statutory duty, this statute does state such is a matter within the power of the "director" and that the "director" shall hear and determine *all* disputes as to such charges and interest due. The "director" referred to is the director of workers' compensation as provided in K.S.A. 75-5708. K.S.A. 1984 Supp.

44-508(h). The director *only* decides disputes relating to issues regarding workers' compensation benefits due an employee, *after* an application for hearing, in writing, has been made to the director. K.S.A. 44-534(a). In the present case there is a dispute between Knox and Bethany Medical Center as to the benefits entitled Knox under the Workmen's Compensation Act. Thus, by following the circuitous path through the statutes, it may be seen that before the benefits of K.S.A. 44-510 may be statutorily imposed upon an employer, the injured employee must first file an application for hearing with the director of workers' compensation, and a hearing on the dispute must be held.

There is no evidence before this court that Knox has at any time filed a claim with Bethany Medical Center, or that she has at any time filed a written application for a hearing with the director on the issue of benefits owing her under the Workmen's Compensation Act as to Bethany Medical Center.

Knox cites only one case as authority for her proposition that no formal claims or application need to be filed under the Act before the remedies provided within the Act may be invoked. Knox relies on *Kauffman v. Co-operative Refinery Assn.,* 170 Kan. 325, 225 P.2d 129 (1950). Knox's reliance on this case is misplaced. *Kauffman* did *not* involve the issue of whether a claim must be filed by an employee before an employer's duty to provide health care may be statutorily imposed. Instead *Kauffman* concerned the issue of whether the employer therein had notice of the employee's injury in a determination of whether the employer had acted negligently. The court found that the statute involved therein, G. S. 1935, 44-510 (1947 Supp.), did not expressly require a worker demand the employer provide health care benefits before the employer could be found to be negligent. *Kauffman,* 170 Kan. at 331. The court stressed that its holding was not to be interpreted as meaning that a request to the employer to provide services was never required; just that under the facts of *this* particular case, no such request was necessary to hold the employer liable for negligently failing to provide health care benefits. *Kauffman,* 170 Kan. at 331-32.

In sum, the furnishing of medical aid to a worker constitutes payment of compensation within the meaning of the Act. *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 288, 303 P.2d 168 (1956). As stated, no employee may claim a right to compensation

under the Act without first filing a claim with his or her employer. K.S.A. 44-520a. There is no evidence before this court that any such claim was filed here. Although on appeal Knox claims to have filed a claim against American Management Services, there is no evidence before this court which would support Knox's claim. Knox is attempting to invoke the benefits of this Act without following the requirements therein. Any rights Knox may have are by virtue of the Workmen's Compensation Act. Accordingly it follows that the procedures provided in that Act must be adhered to before the benefits therein may be invoked. Giving Knox the benefit of all inferences which may be drawn from the facts, she has not presented any issue of material fact. Knox was not entitled to have her motion for summary judgment sustained against Bethany Medical Center.

Affirmed.