(897 P.2d 1043)

No. 71,776

LOIS DAVIDSON, *Appellant*, v. DALE DENNING, M.D., *et al.*,
*Appellees*.

Opinion filed
June 23, 1995.

*David T. Greis, William H. Pickett,* and *Richard D. Fry,* of William H. Pickett,
P.C., of Kansas City, Missouri, for appellant.

*M. Warren McCamish,* of Williamson & Cubbison, of Kansas City, for appellee
Dale Denning, M.D.

*Evelyn Zabel Wilson, Thomas E. Wright,* and *J. Lyn Entrikin Goering,* of
Wright, Henson, Somers, Sebelius, Clark, & Baker, LLP, of Topeka, for appellee
Lawrence Memorial Hospital.

*Michael P. Oliver* and *John M. Ross,* of Wallace, Saunders, Austin, Brown and
Enochs, Chartered, of Overland Park, for appellees Richard Sosinski, M.D., and
Gerald B. Pees, M.D.

Before LEWIS, P.J., ROYSE, J., and CARL B. ANDERSON, JR., District Judge, assigned.

ANDERSON, J.: This is an action for wrongful death based upon
claims of medical malpractice. A brief statement of the facts is
necessary for an understanding of our decision.

Buddy Dean Davidson, the decedent, was admitted to Lawrence
Memorial Hospital on February 9, 1991, suffering from facial

burns. Subsequently, on February 12, 1991, Davidson died from a pulmonary embolism.

The decedent's wife filed this action on March 4, 1993, more than two years after his death. In her petition, the appellant claimed that at the time of her husband's admission, she told the emergency room nurse that he had a history of blood clots. She further alleged that this information was not recorded or brought to the attention of the treating physicians, nor did the treating physicians make independent inquiry into the decedent's medical history. As a result, the treating physicians failed to take measures to prevent blood clots, which, in fact, ultimately resulted and contributed to the decedent's death.

The hospital and treating physicians moved to dismiss, arguing that the appellant's wrongful death claim was barred by the statute of limitations, K.S.A. 60-513, because it was brought more than two years after the decedent's death. The trial court initially denied the motion, ruling that under K.S.A. 60-513(c), a wrongful death action may be brought at any time within two years after the appellant reasonably could have discovered that the death was the result of the appellees' negligence. The trial court later reversed its decision and granted judgment in favor of the appellees, ruling that the appellant reasonably could have discovered that the decedent's death was the result of the appellees' negligence on the date of his death and, therefore, the action was barred by the two-year statute of limitations. The record reveals that the trial court based its decision on the allegations contained in the appellant's amended petition, on the negligence theories set out in the appellant's pretrial questionnaire, and on statements made by the appellant's counsel during oral argument on the motion. Further facts will be related as needed.

The appellant first contends that the trial court erred in considering the allegations of her pretrial questionnaire and the statements of her attorney at oral argument in ruling that the cause of her husband's death was reasonably ascertainable on the date of his death. She argues that under a motion to dismiss for failure to state a claim upon which relief can be granted, the court may only consider the plaintiff's petition and the allegations of fact con-

tained therein. Further, she maintains that her amended petition clearly alleges that she did not become aware that her husband's death was the result of appellees' negligence until after March 4, 1991, and, therefore, on the face of her amended petition her suit was timely filed.

Kansas law provides that a defense alleging that a claim has been filed outside an applicable statute of limitations may properly be raised on a motion to dismiss filed pursuant to K.S.A. 60-212(b)(6). Generally, in considering such a motion, the rule is that the trial court is confined to examining the well-pleaded facts of the plaintiff's petition in determining whether a claim has been stated upon which relief can be granted. In *Blevins v. Board of Douglas County Comm'rs*, 251 Kan. 374, 381, 834 P.2d 1344 (1992), the court stated:

> " ' "Disputed issues of fact cannot be resolved or determined on a motion to dismiss for failure of the petition to state a claim upon which relief can be granted. The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim." ' "

However, the rule is not iron clad. K.S.A. 60-212(b) also provides:

> "If, on a motion asserting the defense provided in subsection (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256 and amendments thereto*, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by K.S.A. 60-256 and amendments thereto." (Emphasis added.)

This exception to the general rule has been followed in numerous Kansas cases. See *Beck v. Kansas Adult Authority*, 241 Kan. 13, 24-29, 735 P.2d 222 (1987); *Bethany Medical Center v. Knox*, 10 Kan. App. 2d 192, 193, 694 P.2d 1331 (1985).

Here, the trial court determined that it was going to receive and consider matters outside the appellant's amended petition. As a result and pursuant to K.S.A. 60-212(b), the appellees' motion to dismiss became a motion for summary judgment as if filed under

K.S.A. 60-256. Thereafter, the court was required to decide the motion based upon the rules applicable to summary judgment motions. The standard of review for a summary judgment motion is set out in *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 268, 875 P.2d 949 (1994), as follows:

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied."

It is a well-settled rule of law in Kansas that the "fact of injury" referred to in K.S.A. 60-513(b) and (c) is not reasonably ascertainable until it can reasonably be discovered that such injury was caused by the negligence of the defendant. See *Jones v. Neuroscience Assocs., Inc.*, 250 Kan. 477, 489, 827 P.2d 51 (1992). Ordinarily, the issue of when an injury and its cause become reasonably ascertainable is a question of fact. *Crockett v. Medicalodges, Inc.*, 247 Kan. 433, 441, 799 P.2d 1022 (1990); see *Cleveland v. Wong*, 237 Kan. 410, 413-14, 701 P.2d 1301 (1985). Knowledge of a death does not automatically provide reason to believe that the death was a result of negligence, particularly in a medical malpractice case. Negligence in a malpractice case is never presumed and cannot be inferred merely from the lack of success of an operation or procedure or from an adverse result from treatment. *Savina v. Sterling Drug, Inc.*, 247 Kan. 105, 129, 795 P.2d 915 (1990).

Patients having an unexpected result from surgery are not required to immediately determine whether it was the result of malpractice. See *Jones v. Neuroscience Assocs., Inc.*, 250 Kan. at 489. Similarly, a decedent's heirs at law are not required to presume that the death was the result of negligence. A distraught surviving

spouse or other heir cannot reasonably be expected to immediately begin investigating the cause of death in the absence of some reason to believe that malpractice occurred. See *Fure v. Sherman Hospital*, 64 Ill. App. 3d 259, 271-72, 380 N.E.2d 1376 (1978).

Here, the trial court, in granting summary judgment, only considered the allegations contained in the appellant's amended petition, the explanation given by the appellant's attorney as to the reasons for the delay in filing the action, and the negligence theories set forth in the appellant's pretrial questionnaire. Based on these considerations, the court ruled as a matter of law that on the date of the decedent's death, it was reasonably ascertainable that his death was caused by the appellees' negligence.

A review of the appellant's amended petition reveals that the only allegation of fact which has any bearing on the discovery issue, other than the date of the decedent's admission to the hospital and his date of death, was the allegation that she did not become aware that her husband's death was a result of the appellees' negligence until after March 4, 1991. The statements of the appellant's attorney relied upon by the court were to the effect that no claim was being made by the appellant that the medical records involved were altered, falsified, or concealed, and that the only reason for delay in filing the action was the appellant's delay in contacting counsel. Finally, the appellant's pretrial questionnaire simply set forth the theories of negligence that she intended to rely upon at trial. They contained no allegations of fact that indicated the appellant had any knowledge of or could have reasonably ascertained prior to March 4, 1991, that her husband's death was caused by the appellees' negligence.

The record further indicates that the court did not consider the appellant's responses to interrogatories in which she stated she did not know until after March 4, 1991, that her husband was likely to develop blood clots if he lay in bed for an extended period of time or that medication could have been given to prevent the development of blood clots.

The trial court stated in its memorandum decision: "Under the facts and theory of plaintiff's case with no medical records altered, falsified, or concealed, the injury was reasonably ascertainable no

later than the date of death. Everything with which to make a determination as to questions of negligence existed from that date forward."

In effect, the trial court ruled as a matter of law that malpractice is reasonably ascertainable if the medical records are available and unaltered and an examination by someone with medical knowledge would disclose that the death was caused by malpractice, regardless of whether the survivors had any actual knowledge of malpractice or any reason to suspect malpractice. Such is not the law of this state.

Suffice it to say, we conclude that the record on appeal, when viewed in a light most favorable to the appellant, does not establish as a matter of law that it was reasonably ascertainable on the date of decedent's death that such death was caused by the appellees' negligence. The question of when the appellees' negligence became reasonably ascertainable remained a highly contested material fact between the parties and, as a result, the trial court erred in granting summary judgment for the appellees.

The appellees argue that even if the trial court was incorrect in its ruling on the discovery issue, they still must prevail since under K.S.A. 60-513(a)(5), a wrongful death action must be brought within two years after the date of death. K.S.A. 60-513 provides in relevant part:

"(a) The following actions shall be brought within two years:

. . . .

(5) An action for wrongful death.

. . . .

"(b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

"(c) A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury

becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action."

The appellees cite *Clark v. Prakalapakorn*, 8 Kan. App. 2d 33, 648 P.2d 278, *rev. denied* 231 Kan. 799 (1982), in support of their position. In *Clark*, the plaintiff brought claims for medical malpractice and wrongful death more than two years after the decedent died. The trial court entered summary judgment for the defendant, ruling that the action was barred by the two-year statute of limitations. On appeal, the plaintiff argued that the action was timely filed because she could not reasonably have ascertained that the doctor's negligence was the cause of the death until she consulted another doctor several months after the death. This court rejected the plaintiff's arguments, stating:

"Although our research has not revealed Kansas authority bearing directly on the issue here presented, this court has stated that a cause of action for wrongful death must be brought within two years of the date of death. *Frost v. Hardin*, 1 Kan. App. 2d 464, 465, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978). Such appears to be the general rule. 22 Am. Jur. 2d, Death § 40; 25A C.J.S., Death § 54. Accordingly, we hold the fact of injury in this case was the death of Elgin Clark, which was reasonably ascertainable on August 15, 1978. Since this action was not commenced until September 24, 1980, which was beyond the limitation prescribed by K.S.A. 60-513, summary judgment was properly entered for defendant." 8 Kan. App. 2d at 34.

We can find no other decision by this court or our Supreme Court that speaks to this issue. Clearly, *Clark* stands for the proposition that a wrongful death action must be brought no later than two years after a decedent's date of death. However, the holding in *Clark* is not required by the language of K.S.A. 60-513(a)(5). Subsection (a)(5) provides that wrongful death actions must be brought within two years but does not specify the event that starts the running of the two-year period. Furthermore, *Clark* is inconsistent with K.S.A. 60-513(b) and (c), under which the limitations period does not begin to run until it can be reasonably ascertained that the defendant's negligence was the cause of the injury. See *Jones v. Neuroscience Assocs., Inc.*, 250 Kan. at 489. But for *Clark*, it is clear under K.S.A. 60-513(b) and (c), the statute of limitations

would not start running on a wrongful death action until it could be reasonably ascertained that the defendant's negligence was the cause of the death.

We believe that *Clark* incorrectly construes the two-year statute of limitations for wrongful death actions as a statute of repose rather than as a statute of limitations. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of the alleged tortfeasor. It abolishes the cause of action after the passage of time, even though the cause of action may not yet have accrued. By contrast, a statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. The two-year period of K.S.A. 60-513(a) is a statute of limitations. The 10- and 4-year periods of K.S.A. 60-513(b) and (c) are statutes of repose. See *Kerns v. G.A.C., Inc.*, 255 Kan. 264, Syl. ¶ 5; *Harding v. K. C. Wall Products, Inc.*, 250 Kan. 655, 668, 831 P.2d 958 (1992).

The language and structure of the statute show that the legislature did not intend the two-year limitations period for wrongful death actions to be a statute of repose. For the two-year statute of limitations applicable to wrongful death actions under K.S.A. 60-513(a)(5) to start running, the cause of action must first have accrued. Under K.S.A. 60-513(b) and (c), a cause of action cannot accrue until the injury and its cause are reasonably ascertainable. Together, those subsections apply to all actions listed in K.S.A. 60-513(a), one of which is an action for wrongful death. The injury in a wrongful death action is the death of the decedent. A cause of action for wrongful death does not accrue until it is reasonably ascertainable that the death was the result of the defendant's negligence.

We can see no reason why a wrongful death action based upon medical malpractice should be treated any differently than a medical malpractice action where the party survives. Such a construction is contrary to the plain language of K.S.A. 60-513(c). We realize that another panel of this court has held differently in the *Clark* case; however, we believe that ruling is incorrect, and we choose not to follow it.

We note that *Clark* was a short *per curiam* opinion. It was written in 1982 prior to such decisions as *Cleveland v. Wong*, 237 Kan. 410, and *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 820 P.2d 390 (1991), which expanded and refined the precise date on which a statute of limitations is to begin to run in a negligence case. This is a negligence case, and its relationship to the statute of limitations is not logically distinguishable from *Cleveland* or *Gilger*. It does not terminate the discussion to say that, in this case, death is the "fact of injury." The fact of injury alone does not start the clock in motion. There must be knowledge not only of the fact of injury but also whose negligence caused the injury. In this case, the question is not when the appellant became aware of her husband's death. The question is when did she know or when should she have known that his death was caused by the negligence of the appellees. There is no logical reason to treat a negligently caused death differently than a negligently caused injury. This is what *Clark* does, and we cannot accept that premise.

Reversed and remanded for further proceedings.