NOT DESIGNATED FOR PUBLICATION

No. 118,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUNCTION CITY POLICE DEPARTMENT,
*Appellee*,

v.

$454,280 IN U.S. CURRENCY, MORE OR LESS AND OTHER SEIZED PROPERTY,
*Defendant*,
(ROBERT HENDERSON),
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed October 12, 2018. Reversed and remanded with directions.

*Jonathan F. Andres*, of Jonathan F. Andres, P.C., of St. Louis, Missouri, and *Michael E. Francis*, of Topeka, for appellant.

*Tony Cruz*, assistant county attorney, for appellee.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM:  Claimant Robert Henderson appeals the trial court's order to grant the State's civil forfeiture action. Henderson was stopped for a traffic violation while traveling on the Interstate 70 Highway. The State filed a civil forfeiture action against $454,280 in U.S. currency, a vehicle, and a camper that was in Henderson's possession when the traffic violation occurred.

On appeal, Henderson argues that the trial court erred in granting the State's motion to strike his claim to the previously mentioned property. Henderson also argues that the trial court erred in granting summary judgment in favor of the State because the State moved for default judgment and because Henderson had standing to assert a claim to the property. Last, Henderson argues that the Kansas forfeiture statutes unconstitutionally hinder Henderson's constitutional right against self-incrimination.

After oral arguments in this matter, this court issued an order to show cause concerning an additional issue that needed to be addressed to resolve this appeal. Specifically, a key statute in this appeal, K.S.A. 2017 Supp. 60-4111, was amended by the 2018 Legislature in H.B. 2459. The amendments became effective upon publishing on July 1, 2018. See L. 2018, ch. 26, § 8. Both parties were directed to file a supplemental brief addressing the question of whether the Legislature had intended the 2018 amendments to K.S.A. 60-4111 et seq. to operate prospectively or retroactively. See *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016). The parties were ordered to address whether the amendments were procedural or substantive.

For reasons stated later, we determine that the 2018 H.B. 2459 amendments to K.S.A. 60-4111 et seq. are procedural in nature. Thus, the before-mentioned 2018 amendments to K.S.A. 60-4111 should be applied to Henderson's pending forfeiture case. As a result, we reverse and remand with directions to apply the before-mentioned amendments to Henderson's pending forfeiture claim.

On June 2, 2015, Henderson was stopped for a traffic violation by Officer Nick Blake of the Junction City Police Department. Henderson was driving a Chevrolet Silverado, hauling a slide-in camper. Blake and other officers discovered $454,280 in U.S. currency, rubber-banded in large stacks while searching the camper. Henderson told the officers that the money was sale proceeds from the sale of a condo that Henderson owned. Henderson also told the officers that the money was an accumulation of 30 years

of hard work. Officer Blake and another officer also found what they believed was marijuana residue in the compartment where the money was located. In addition, the officers found potential notes indicating the sale of marijuana. Moreover, the officers found a calendar with harvest and watering dates, a laptop computer, four cell phones, and other documents. Police took Henderson's vehicle to the Geary County Sheriff's warehouse and searched it again. Officer Blake's K-9 partner detected the odor of marijuana on the money but not on or in the camper itself. After running the seized money through the police department's money counter, the money left trace amounts of marijuana residue in the area where the money comes to rest after the machine counted it.

The State served Henderson with a notice of pending forfeiture on June 10, 2015. Henderson filed a petition for recognition of exemption and a certified claim for property seized on July 13, 2015. Henderson's petition stated:

> "Claimant, Robert E. Henderson, concerning the nature and extent of his interest in this property, reserves and preserves his Fifth Amendment privilege, per the United States and Kansas Constitutions, and with respect to all statutory requirements as may be set forth hereafter, within this response pursuant to K.S.A. 60-4110 and K.S.A. 60-4111, pending the resolution of any criminal charges."

Henderson also invoked his Fifth Amendment privilege to the United States Constitution as it related to the date, identity of the transferor, and description of the circumstances and the acquisition of the property. Henderson cited *Divine v. Groshong*, 235 Kan. 127, 679 P.2d 700 (1984), and argued that his constitutional rights were paramount to the underlying forfeiture claim. Henderson also argued generally that an exemption from forfeiture applied and that the property was not subject to forfeiture. Henderson also asserted that the seized property was not proceeds of an illegal drug sale and that the trial court lacked jurisdiction.

3

The State filed a petition for forfeiture *in rem* on August 4, 2015. In its petition, the State asserted that Henderson had failed to comply with the provisions of K.S.A. 60-4111, in part, by failing to establish that the seized property was exempt. The State also argued that Henderson had failed to overcome the rebuttable presumption that the currency seized was forfeitable because it was found near a controlled substance. The State did, nevertheless, state that "[o]nly one claim has been [submitted]:  Robert Henderson who claimed all of the above-captioned property. In response to such claim, the State files this Petition."

Oregon Community Credit Union (OCCU) moved to intervene and answered the State's petition for forfeiture *in rem* on August 28, 2015. In its answer and attached affidavit, OCCU claimed that Henderson was the owner of the camper and that OCCU acquired its security interest in the camper on or about August 29, 2014.

The State filed an amended petition for *in rem* forfeiture on September 18, 2015. In it, the State repeated that "[o]nly one claim has been [submitted]: Robert Henderson who claimed all of the above-captioned property. In response to such claim, the State files this Petition." The petition also disclosed that "First Tech Federal Credit Union (FTFCU) e-mailed a copy of the title and the contract for the 2013 Chevrolet Silverado . . . and [OCCU] filed a claim on the 2015 Lance Camper." The State requested that the trial court forfeit the defendant property to the State if Henderson failed "to establish that a substantial portion of his alleged interest in the defendant property is exempt from forfeiture."

Henderson attended a probable cause hearing for his related criminal case on May 3, 2016. Henderson answered the State's amended petition on May 17, 2016. He again invoked his Fifth Amendment privilege and argued that the property was not proceeds of an illegal drug sale. Henderson also argued that he was not responsible for any trace amount of drugs found on the money. Henderson requested that the trial court "order the

4

defendant property *returned to Claimant*. In the alternative, Claimant requests this Court hold in abeyance any decision as to the disposition of this matter through the pendency of the parallel criminal proceeding." (Emphasis added.)

Sometime after Henderson filed his answer, the State sent Henderson its first set of interrogatories. Henderson filed an objection to the State's interrogatories on September 9, 2016. In it, Henderson requested a protective order pending disposition of the related criminal case.

The matter was delayed, in part, due to Henderson's counsel's illness. Henderson finally discharged William Rork as his counsel and hired Jonathan F. Andres and Michael Francis to replace him as his counsel. Rork died after battling a lengthy illness "[o]n or about May 31, 2017."

In April 2017, the State moved to strike Henderson's claim and answer and moved for default judgment. In its motion, the State argued that Henderson had failed to answer its amended petition within the 21-day deadline under K.S.A. 60-4113 and failed to rebut the presumption of forfeiture or make any proper claims.

On June 16, 2017, Henderson filed a memorandum in opposition to the State's motion to strike and for default judgment. In his memorandum, Henderson again argued that his Fifth Amendment rights took precedence over the statutory requirements of K.S.A. 60-4111 and K.S.A. 60-4113. Henderson also argued that his failure to file within the 21-day requirement was not grounds for striking his answer or for entering default judgment. Henderson also claimed that his late attorney, Rork, entered into an agreement with the State that he would not file an answer until after the probable cause hearing in Henderson's related criminal case. Henderson also asserted that he did not refuse to comply with discovery because he filed an objection to the State's interrogatories.

5

After considering Henderson's and the State's briefs and hearing oral arguments, the trial court granted the State's motion. In a memorandum decision, the trial court held that while Henderson had a right to invoke his Fifth Amendment right, he, nevertheless, failed to claim ownership of the forfeited property and failed to comply with K.S.A. 60-4111 et seq. For these reasons, the trial court found that Henderson lacked standing to make a claim to the property. The trial court also held that Henderson's answer was untimely and was, therefore, stricken. Finally, the trial court held "not only is the plaintiff granted judgment on their motion to strike the claim but also on their motion for *summary judgment*." (Emphasis added.)

*Do the 2018 amendments to K.S.A. 60-4111 et seq. apply retroactively?*

The question of whether the Legislature intended the 2018 amendments to K.S.A. 60-4111 to operate retroactively presents an issue of first impression for this court.

Henderson's claim was filed on July 13, 2015, and his answer to the State's amended petition was filed on May 17, 2016. The trial court made its decision on June 30, 2017. Consequently, the amendments made to K.S.A. 60-4111 do not apply to Henderson unless they apply retroactively.

"In general, 'a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively.'" *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016). "'An exception to this rule has been employed when the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties.'" *Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017) (quoting *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 [2016]). "'Procedural laws are those that concern "the manner and order of conducting suits—in other words, the mode of proceeding to enforce legal rights." Substantive laws establish the "rights and duties of parties."' [Citations omitted.]"

6

*Knoll v. Olathe School District No. 233*, 54 Kan. App. 2d 335, 340, 398 P.3d 223, *rev. granted* 306 Kan. 1319 (2017) (quoting *Rios v. Board of Public Utilities of Kansas City*, 256 Kan. 184, 191, 883 P.2d 1177 [1994]).

The 2018 amendments to K.S.A. 60-4111 are listed as follows:

"(a) Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section. The claim shall be mailed to the seizing agency and to the plaintiff's attorney by certified mail, return receipt requested, within ~~30~~ 60 days after the effective date of notice of pending forfeiture. ~~No extension of time for the filing of a claim shall be granted except for good cause shown.~~

"(b) The claim ~~and all supporting documents~~ shall be ~~in affidavit form,~~ signed by the claimant ~~under oath, an sworn to by the affiant before one who has authority to administer the oath,~~ under penalty of perjury, K.S.A. 2017 Supp. 21-5903, and amendments thereto, ~~or making a false writing, K.S.A. 2017 Supp. 21-5824, and amendments thereto,~~ and shall set forth ~~all of~~ the following:

(1) The caption of the proceedings and identifying number, if any, as set forth on the notice of pending forfeiture or complaint, the name of the claimant, and the name of the plaintiff's attorney who authorized the notice of pending forfeiture or complaint~~.~~;

(2) the address where the claimant will accept mail~~.~~;

(3) the nature and extent of the claimant's interest in the property~~.~~; and

(4) ~~The date, the identity of the transferor, and~~ a detailed description of ~~the circumstances of the claimant's acquisition of the~~ when and how the claimant obtained an interest in the property.

~~(5) The specific provision of this act relied on in asserting that the property is not subject to forfeiture.~~

~~(6) All essential facts supporting each assertion.~~

~~(7) The specific relief sought.~~

"(c) Substantial compliance with subsection (b) shall be deemed sufficient.

"(d) It is permissible to assert the right against self-incrimination in a claim. If a claimant asserts the right, the court, in the court's discretion, may draw an adverse inference from the assertion against the claimant. The adverse inference shall not, by itself, be the basis of a judgment against the claimant." L. 2018, ch. 26, § 8 (H.B. 2459).

In summary, the amendments extend the time that an owner can make a claim under the Kansas Standard Asset Seizure Forfeiture Act (SASFA) and assert that the property is not subject to forfeiture. The amendments further remove the requirement that all essential facts supporting each assertion must be stated and what specific relief is sought. Last, the amendments specify that substantial compliance with K.S.A. 60-4111 or K.S.A. 60-4113 is sufficient and allow a claimant to assert their right against self-incrimination. H.B. 2459 (2018).

In Henderson's supplemental brief, he maintains that the amendments to SASFA are procedural and remedial. For example, in his brief, he states the following about H.B. 2459:

> • "Amends the statute governing the seizure of property to clarify that the county or district attorney has 14 days to accept or decline a written request for forfeiture from a local or state agency, K.S.A. 60-4107(h);
> • "Amends the time provided for an owner of or interested holder in the property to file a claim or a petition for recognition of exemption from 30 days to 60 days, and the bill states that such claims or petitions must 'substantially comply' with the requirements for claims, K.S.A. 60-4110(a)(2);
> • "Removes requirements that the claim or answer set forth the date, identity of the transferor, and a detailed description of [*sic*] the circumstances of the claimant's acquisition of an interest in the property; the specific provision of SASFA relied on in asserting the property is not subject to forfeiture; all essential facts supporting each assertion; and the specific relief sought; and adds a requirement that the claim or answer include a detailed description of when and how the claimant obtained an interest in the property, K.S.A. 60-4111(b), K.S.A. 60-4113(d);
> • "Specific substantial compliance with the claim or answer requirements shall be deemed sufficient and add a provision allowing the right against self-incrimination to be asserted in a claim or answer; if the right is asserted, the court may, at its discretion, draw an adverse inference from the assertion against the claimant, but the adverse inference may

8

not, by itself, be the basis of a judgment against the claimant, K.S.A. 60-4111(c), K.S.A. 60-4113(e), (f); [and]

• "Amends the section governing claims by removing a prohibition against granting an extension of time to file a claim except for good cause, K.S.A. 60-4111(a)."

Thus, Henderson argues that the 2018 amendments to K.S.A. 60-4111 are procedural and remedial in nature.

On the other hand, the State argues that the 2018 amendments to K.S.A. 60-4111 changed the burden of proof for the claimant "from the previous requirement of strict compliance to substantial compliance." The State further argues that the "change substantially affects the rights of both the claimant and the plaintiff." Next, the State maintains that "[t]he retroactive application of the 2018 amendments to K.S.A. 60-4111 would substantially prejudice the rights of the plaintiff, as the claimant would be able to circumvent the pre-July 1, 2018 strict compliance requirement, in effect at the time the litigation commenced."

As stated earlier, a statute operates prospectively unless (1) the statutory language clearly indicates the Legislature intended the statute to operate retrospectively, or (2) the change is procedural or remedial in nature. *Norris*, 303 Kan. at 841. Still, "even procedural rules cannot be applied retroactively if they eradicate a vested right." *White v. State*, 308 Kan. 491, 499, 421 P.3d 718 (2018) (citing *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 [Kan. App. 2017] [unpublished opinion], *rev. granted* 306 Kan. 1319 [2017]).

In its supplemental brief, the State in essence argues that it had a vested or substantive right to hold Henderson to the higher burden of strict compliance rather than the substantial compliance requirement under the 2018 amendments to K.S.A. 60-4111. The State does not cite any authority to support this argument directly although it cites

9

*Junction City Police Department v. $30,958 in U.S. Currency*, No. 109,096, 2014 WL 1096719 (2014). In that case, this court held that the K.S.A. 60-4111 requirements were mandatory and, therefore, required strict compliance.

In *White*, our Supreme Court found that "movants had a vested right to argue the *Vontress* test, including the second factor and any other factor that might establish manifest injustice." 308 Kan. at 502. Thus, the amendments made to K.S.A. 60-1507 could not be applied retroactively because it would impede on this vested right by removing a defendant's ability to argue the second *Vontress* factor. Our Supreme Court also supported its holding by stating that "[t]he legislative history clearly reflects the Legislature intended to change the substance of the law established by *Vontress*. See *Hayes*, 307 Kan. at 14." 308 Kan. at 503. Arguably, the Legislature's intent was apparent due to the timing of the amendments made to K.S.A. 60-1507 and the obvious removal of the second *Vontress* factor.

Returning to the State's argument that it had a vested or substantive right to hold Henderson to the higher burden of strict compliance, Kansas courts generally consider three factors when determining if the Legislature has created a vested right: "'(1) the nature of the rights at stake (*e.g.*, procedural, substantive, remedial), (2) how the rights were affected (*e.g.*, were the rights partially or completely abolished by the legislation; was any substitute remedy provided), and (3) the nature and strength of the public interest furthered by the legislation.'" *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011) (quoting *Resolution Trust Corp. v. Fleischer*, 257 Kan. 360, 369, 892 P.2d 497 [1995]). Moreover, in applying these factors, "[t]he first factor (the nature of the right) must be balanced against the others, including how the right was affected, whether a substitute remedy was provided, and the public interest furthered by the legislation." *Brennan*, 293 Kan. at 462.

As to the first factor, the 2018 amendments to K.S.A. 60-4111 are either procedural or remedial because they provided a means for individuals to make a claim to property where the State is seeking a forfeiture of the property. In the *Resolution Trust Corp.* decision, our Supreme Court explained procedural laws relate to the "'machinery for carrying on the suit, including pleading, process, evidence, and practice' and 'the mode or proceeding by which a legal right is enforced, that which regulates the formal steps in an action.'" 257 Kan. at 366. Clearly, a provision setting out the procedure of how to file a claim under K.S.A. 60-4111(b) and explaining that "substantial compliance" under subsection (b) would "be deemed sufficient" would be procedural.

Moreover, our Supreme Court in *Brennan* described substantive laws as follows: They "give or define the right, give the right or denounce the wrong, or create liability against a defendant for a tort committed." 293 Kan. at 461. It is clear under this description that the 2018 amendments to K.S.A. 60-4111 were not substantive.

Finally, in *Brennan*, our Supreme Court stated that remedial statutes "'reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of society, or of the public generally.'" 293 Kan. at 461. Here, the 2018 amendments to K.S.A. 60-4111 reform and extend existing rights. The amendments specifically recognize claimants' ability to assert their Fifth Amendment rights and to substantially comply, rather than strictly comply, with the requirements for filing a claim and answer under the SASFA.

Moreover, the statutory amendments did not extinguish the previous statute's requirement that individuals claiming property under SASFA must still substantially comply with when filing a claim under K.S.A. 60-4111(b). Thus, the requirement for claimants to file a proper claim under SASFA was not extinguished.

11

Applying these three before-mentioned factors in concert supports a finding that the State did not have a vested right. First, the statutory amendments did not extinguish the State's right to move for dismissal based on substantial compliance rather than strict compliance under K.S.A. 60-4111(b). Second, the amendments do not create a new right or eliminate an existing right. Third, the changes to K.S.A. 60-4111 clearly affect procedures and remedies. The changes prescribe a method of enforcing a previously existing right, i.e., the right that an owner of property in a K.S.A. 60-4111 proceeding must make a claim to his or her property in an *in rem* proceeding.

Although a different statutory amendment was involved, this court reached a similar decision in *Degollado v. Kansas Dep't of Revenue*, No. 100,092, 2009 WL 3082526 (Kan. App. 2009) (unpublished opinion). In that case, the trial court found that Degollado had failed to strictly comply with the pleading requirements of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), specifically K.S.A. 77-614(b). From this, the trial court determined that it lacked subject matter jurisdiction to consider Degollado's petition for review and dismissed his claim. 2009 WL 3082526, at *1. While the trial court was correct that Degollado was required to strictly comply with K.S.A. 77-614, the Legislature amended K.S.A. 77-614 after Degollado appealed from the trial court's decision. See 2009 WL 3082526, at *1. On appeal, this court considered whether the 2009 amendments made to K.S.A. 77-614 could be applied retroactively to Degollado's pending claim. Our Legislature amended K.S.A. 77-614 to freely allow supplemental petitions: "(c) Failure to include some of the information listed in subsection (b) in the initial petition does not deprive the reviewing court of jurisdiction over the appeal. Leave to supplement the petition with omitted information required by subsection (b) shall be freely given when justice so requires." L. 2009, ch. 109, § 26(c). Ultimately, this court held that the amendments were procedural changes and could, therefore, be applied to pending claims, including Degollado's. This court reversed the trial court's decision with directions allowing Degollado to amend his petition. 2009 WL 3082526, at *3-5.

12

As a result, we reverse and remand to the trial court with directions to apply the 2018 amendments to SASFA to Henderson's pending claim to the before-mentioned property.

On remand, the trial court will consider if Henderson's petition filed on July 13, 2015, substantially complied with the 2018 amendments to SASFA. Henderson's petition, in relevant part, stated that he was making a "claim for denial of forfeiture of the above captioned items." The above captioned items were listed as the following:

"$454,280.00 U.S. Currency, more or less;
One 2013 Chevrolet Silverado, VIN: 1GC1KXE86DF114240;
One 2015 Lance Camper, Serial #171445;
Suspected trace amounts of marijuana;
Drug Paraphernalia."

Henderson further alleged in his petition the following:

"1) Claimant can receive mail through the address of counsel, William K. Rork, Rork Law Office, 1321 SW Topeka Blvd., Topeka, KS 66612-1816.

"2) The items seized are as captioned above, and Plaintiff's attorney is Tony Cruz, Geary County Attorney, 801 N. Washington St., Suite A, Junction City, KS 66441.

"3) Claimant, Robert E. Henderson, concerning the nature and extent of his interest in this property, reserves and preserves his Fifth Amendment privilege, per the United States and Kansas Constitutions, and with respect to all statutory requirements as may be set forth hereafter, within this response pursuant to K.S.A. 60-4110 and K.S.A. 60-4111, pending resolution of any criminal charges.

"4) Claimant, Robert E. Henderson, concerning the date, the identity of the transferor, and a detailed description of the circumstances of the Claimant's acquisition of the interest in the property, reserves and preserves this Fifth Amendment privilege, per the United States and Kansas Constitutions, and with respect to all statutory requirements

13

as may be set forth hereafter, within this response pursuant to K.S.A. 60-4110 and K.S.A. 60-4111, pending resolution of any criminal charges.

"5) Claimant asserts exemption from forfeiture as expressed in K.S.A. 60-4106, or any other provisions of K.S.A. 60-4101 et seq., and further alleges, said property is not subject to forfeiture pursuant to either K.S.A. 60-4104, 60-4105, or any other applicable provisions of K.S.A. 60-4101 et seq.

"6) Claimant denies any of this property constituted proceeds derived from the sale, delivery, transportation, storage, and concealment of an illegal controlled substance under K.S.A. 60-5706, or a violation of any other provision of the Uniform Controlled Substances Act, K.S.A. 21-5701 et seq., giving rise to forfeiture under Kansas Standard Asset Seizure and Forfeiture Act, K.S.A. 60-4104(b), and K.S.A. 60-5105(b)(2). Claimant denies the presumption of forfeitability exists pursuant to K.S.A. 60-4112(j) and (k)."

The trial court later concluded that Henderson had "failed to comply with K.S.A. 60-4111(4), (5) and (6)." Because of this failure to file a proper claim, the trial court concluded that this deprived Henderson of standing to file an answer and to litigate his claim in a later *in rem* proceeding.

In acknowledging Henderson's ability to assert his Fifth Amendment right against self-incrimination in his petition or claim, the trial court posed this question in its memorandum decision: "[I]s he [Henderson] entitled to refuse to comply with the law regarding Claims in forfeiture cases by failure to follow the statute[?] The answer is 'YES' he may refuse to do so, but at the peril of losing the Civil Forfeiture case."

As shown earlier, the 2018 amendments to SASFA no longer require claimants' claim or answer to set forth the date, the identity of the transferor, and the circumstances of the claimant's acquisition of an interest in the property. The amendments also no longer require a statement about the specific provision SASFA relied on in asserting the property is not subject to forfeiture; about all essential facts supporting each assertion; and about the specific relief sought. Moreover, the amendments add a requirement that

14

the claim or answer include a detailed description of when and how the claimant obtained an interest in the property. See 2018 amendment to K.S.A. 60-4111(b) and K.S.A. 60-4113(d); L. 2018, ch. 26, §§ 8, 10.

In addition, the amendments specifically state that substantial compliance with the claim or the answer requirements shall be deemed sufficient.

Returning the ability of claimants to assert their right against self-incrimination in their claim, the amendments to SASFA add a provision allowing the right against self-incrimination to be asserted in a claim or an answer. Moreover, if the right is asserted, as in this case, the court may, at its discretion, draw an adverse inference from the assertion against the claimant, as the court did in Henderson's case. But the adverse inference may not, by itself, be the basis of a judgment against the claimant. See 2018 amendment to K.S.A. 60-4111(c) and (d); K.S.A. 60-4113(e) and (f); L. 2018, ch. 26, §§ 8, 10.

The trial court is directed to reconsider its holding concerning Henderson's assertion of his right against self-incrimination in his claim under the 2018 amendments to SASFA, keeping in mind that an adverse inference may not, by itself, be the basis of judgment against Henderson's claim.

*Summary Judgment*

We conclude that the trial court erred when it granted summary judgment in favor of the State, especially when the State never moved for summary judgment and the trial court never afforded the parties an opportunity to follow Supreme Court Rule 141(a) (2018 Kan. S. Ct. R. 205) and K.S.A. 2017 Supp. 60-256.

If the State had moved to dismiss under K.S.A. 60-212(b)(6) and matters outside the pleadings were presented, the trial court could have treated the motion as one for

15

summary judgment if it had afforded the parties an opportunity to follow Rule 141 and K.S.A. 2017 Supp. 60-256. See *Davidson v. Denning*, 21 Kan. App. 2d 225, 229-30, 897 P.2d 1043 (1995). But the trial court failed to follow this procedure. As a result, the trial court's granting of summary judgment in this matter was improper.

*Standing*

Standing is a jurisdictional question in which courts determine whether a party has alleged a sufficient stake in the controversy to warrant invocation of jurisdiction and to justify the exercise of the court's remedial powers on that party's behalf. *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 854, 370 P.3d 1170 (2016). Thus, the question of standing focuses on the party and whether the party whose standing is challenged is the proper party to ask or to defend against an adjudication of a particular issue.

Here, the trial court concluded that Henderson lacked standing to challenge civil forfeiture action for the following reasons:

> "Mr. Henderson has failed to comply with K.S.A. 60-4111(4), (5) and (6). And he has failed to provide any documentation that he qualifies as an 'owner' under K.S.A. 60-4102(j). Alleging one is the registered owner of a vehicle does not bestow upon them standing to challenge a civil forfeiture . . . . Failure to file a proper claim deprives a claimant of standing to file an answer and litigate his or her claim in the subsequent in rem forfeiture proceeding."

Based on the facts of this case as they now stand, on Henderson's petition asserting that the civil forfeiture of the previously described property should be denied, and on the 2018 amendments to SASFA, Henderson is the proper party to defend against this civil forfeiture action. Moreover under federal and Kansas law, Henderson has standing at this stage in the proceedings and an order of dismissal

16

cannot be predicated on a lack of standing at this stage of the civil forfeiture action.

Thus, we direct the trial court to reconsider this civil forfeiture action under the scheme set forth under SASFA for adjudicating a civil forfeiture action, applying the 2018 amendments to SASFA.

Reversed and remanded with directions.